GRIFFITH JENKS, Appellant, *v.* JOHN MURPHY et al., as Executors of JOHN MURPHY, Deceased, et al., Respondents.

Fourth Department, June 25, 1964.

*Jacob G. Schneier* for appellant.

*Nixon, Hargrave, Devans & Doyle* for Carson Seelye, respondent.

*Heath & Heath* for John Murphy and another, respondents.

*Curtis L. Lyman* for County of Orleans.

*Per Curiam.* In view of the continuing confusion relating to applications by appellants in civil actions or proceedings for leave to present appeals as alleged "poor persons" we express our views as to the proper procedure. Subdivision (a) of 1101 CPLR provides that "the court in which an action is triable, or to which an appeal has been or will be taken, may grant permission to proceed as a poor person". While differently worded, the Civil Practice Act (§ 198-a) contained a similar provision. (Cf. 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 1101.03.)

In the typical motion in this court for such relief the moving party seeks leave to prosecute the appeal as a poor person upon a single copy of the record and five typewritten briefs. There is usually, however, a failure to disclose to this court whether or not the applicant has sufficient assets with which to

obtain a copy of the minutes of the trial. (Cf. *Swirski* v. *Price,* 19 A D 2d 851.) Such information is crucial as once a person is permitted to proceed as a poor person the door is opened to make a further application to the trial court upon notice to the attorney for the county in which the action was tried for a stenographic transcript of the trial proceedings at the expense of the county. (CPLR 1102, subd. [b]; Civ. Prac. Act, § 1493.)

In recent years in a series of decisions commencing with *Eagle Contrs. of Utica* v. *Black* (5 A D 2d 954) we have directed attention to and exercised our plenary power to grant limited relief to an appellant separate and distinct from the prosecution of an appeal as a poor person.

The present motion squarely presents the question as to whether, after service of a notice of appeal, the initial application for permission to proceed as a poor person should be made to the trial court or to this court. In *Rosetano* v. *State of New York* (208 Misc. 352) the trial court in a dictum suggested that such application should be made in the first instance to the appellate court and in the event leave to proceed as a poor person was there granted a further application should be made to the trial court for a copy of the minutes.

We believe that such course of action is unrealistic. While it is permissible to make such an application in the first instance to an appellate court, it is plain that the court in which the action has been tried is in a superior position to pass upon the several statutory requirements (CPLR 1101, subd. [a]) before the requested relief is granted. But most compelling is the view that once an appellate court has granted leave to proceed as a poor person a trial court might be reluctant, if not powerless, to deny an application of an appellant for a stenographic transcript of the trial at the expense of the county wherein the action was tried. Such procedure carried to its ultimate conclusion in substance would deprive the trial court of its statutory area of discretion (CPLR 1102, subd. [b]) and perhaps result in unrestricted appeals by a substantial number of unsuccessful litigants and thereby cast upon the county of venue an unfair and unjustified burden.

This view is fortified by a study of the provisions of the statute (CPLR 1101). In substance the appropriate court before granting permission to appeal as a poor person must find either directly or by implication that the moving party is financially unable to prosecute the appeal and that there is merit to his contentions that the judgment or order should be reversed. In the event such findings are made by an appellate court the further application under subdivision (b) of 1102

CPLR to the trial court for a stenographic transcript becomes a mere formality as that is a privilege that flows from the initial determination that one may proceed as a poor person. (Cf. *Smith* v. *Smith* [*Sullivan County*], 2 N Y 2d 120.)

In appellant's original application to this court he did not seek permission to proceed as a poor person. We granted leave under our plenary power to present the appeal on one typewritten record and five typewritten briefs and relegated appellant to the trial court insofar as he sought without charge a transcript of the stenographer's minutes (20 A D 2d 757). Thereafter such an application was made (including a request to proceed as a poor person) and denied by the trial court upon the ground that no relief could be obtained until this court had first granted appellant's application to prosecute the appeal as a poor person.

We conclude that the application to proceed as a poor person and for the transcript of the stenographer's minutes should have been made in the first instance to the trial court and there decided. That court not only was in a superior position to pass upon the merits of appellant's contentions that he had a worthy appeal but before the trial court was the attorney for the county and upon the latter must fall the expense of furnishing such transcript. In the event that any party is dissatisfied with the determination so made it may be reviewed upon appeal (CPLR 5701). In the further event such relief is granted by the trial court then application may be made to this court for permission to proceed on a single copy of the record and five typewritten briefs.

Plaintiff's application should be denied without prejudice to the right to apply anew to the trial court for permission to proceed as a poor person and for a transcript of the stenographer's minutes at the expense of the county.

WILLIAMS, P. J., BASTOW, GOLDMAN, NOONAN and DEL VECCHIO, JJ., concur.

Motion for leave to prosecute appeal as a poor person denied without prejudice to the seeking of further relief in accordance with the opinion.