■ AUSTRIAN LANCE & STEWART, P. C., Respondent, v JOE B. JACKSON, Appellant, et al., Defendants.—In this action brought to recover for the value of professional legal services, defendant-appellant Jackson (herein defendant) appeals from a judgment, Supreme Court, New York County, entered on December 31, 1974, in favor of plaintiff. After service of the

complaint, defendant, before answer, had moved to dismiss the complaint, and plaintiff cross-moved for summary judgment. By order entered December 7, 1972, defendant's motion was denied, and plaintiff's cross motion was granted to the extent of awarding plaintiff $3,500 on part of the claim and, as to the *quantum meruit* aspect, granting summary judgment as to liability and directing an assessment of damages. Defendant served and filed a notice of appeal from that order, and plaintiff cross-appealed to the extent that an assessment had been ordered. Neither the appeal nor the cross appeal was perfected. In the meantime, the matter of the assessment was reached on the calendar, and on October 29, 1973, instead of engaging in a trial to fix the damages, the parties entered into a stipulation agreeing that the reasonable value of the services was $50,000. The stipulation also provided "that the sole issue remaining between the parties is the question of liability of defendants to plaintiff for said $50,000", and that the stipulation may be used by either party "to limit the issues now pending before the Appellate Division, First Department." Nothing was thereafter done in the action, until one year later when plaintiff moved "for an order pursuant to CPLR 3212 granting plaintiff summary judgment on the ground that by stipulation of the parties on the record, all issues of fact have been resolved in favor of plaintiff". Defendant opposed the motion, maintaining that the issue of liability was still viable by virtue of the appeal to the Appellate Division from the December, 1972 order. The motion for judgment was granted, and the instant appeal ensued. The briefs of both counsel on this appeal have misconceived the status of the appeals from the order entered December 7, 1972. That order was a nonfinal order, which had not been reviewed by the Appellate Division, and therefore could be reviewed on the appeal from the final judgment (CPLR 5501, subd [a], par 1; see *Pisano v Rand,* 30 AD2d 173, 178). The entry of a final judgment consequently does not prevent defendant from challenging the validity of the order granting summary judgment and directing an assessment. The separate appeal and cross appeal taken from that order would have to be dismissed, since the entry of a final judgment precludes the continuance of an appeal from a nonfinal order. (*Dayon v Downe Communications,* 42 AD2d 889; but the order could be reviewed on appeal from the final judgment; CPLR 5501, subd [a], par 1.) While the notice of appeal from the judgment does not have to recite that the appeal is also taken from the nonfinal order, to obtain review of the nonfinal order the record submitted must contain the papers on which the order was based, and the briefs may argue the validity of the order. An appropriate record containing the papers on which the December, 1972 order was based has not been presented to this court. On the present record before us, there could be no recourse but to affirm the final judgment. However, in the interests of justice, so that defendant may extricate himself from the appellate procedural thicket in which he finds himself, the appeal will be adjourned to the February 1976 Term of this court, and appellant may, if so advised, serve and file a supplementary record and brief on or before January 6, 1976, to permit this court to review the nonfinal order of December, 1972 on the present appeal from the final judgment. If such supplementary record and brief are timely served and filed, respondent may have until January 21, 1976, to file a supplemental respondent's brief. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Lynch, JJ.