■ In the Matter of ALICE TEETER, on Behalf of Herself and Her Infant Daughter, ELIZABETH TEETER, Respondent, v JAMES REED, as Director of the Monroe County Department of Social Services, et al., Respondents, and COUNTY OF MONROE, Appellant.—Order unanimously reversed, without costs, and motions denied. Memorandum: The County of Monroe appeals from an order granting petitioner's motion and respondent Law Guardian's cross motion to appeal and cross appeal as poor persons from a decision denying petitioner's application for a writ of habeas corpus by which she sought custody of her minor child. CPLR 1101 (subd [a]) provides that upon an application for permission to appeal as a poor person, the "moving party shall file his affidavit setting forth * * * sufficient facts so that the merit of his contentions can be ascertained". Here neither petitioner nor respondent included such facts in their respective affidavits. Although both did submit affidavits from their attorneys pursuant to CPLR 1101 (subd [b]) to the effect that their counsel believed there was merit to the appeal and cross appeal, this did not relieve them from the requirement of setting forth facts in their own affidavits showing merit (see *Hauck v Roncone,* 5 AD2d 804; *Johnson v Rochester Sav. Bank,* 256 App Div 1043; *Weinstein v Frank,* 56 App Div 275; 21 Carmody-Wait 2d, NY Prac, § 127:12). (Appeal from order of Monroe County Family Court—proceed as poor person.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.

■ In the Matter of HAROLD M. YANOWITCH, an Attorney.—A certified copy of a judgment of conviction of Harold M. Yanowitch, an attorney, in the United States District Court for the Southern District of New York of the crime of conspiring with others to defraud the United States and the Securities and Exchange Commission and of other crimes having been presented to this court, he is disbarred and his name is stricken from the roll of attorneys. (See *Matter of Sobel,* 258 App Div 465.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.

## SECOND DEPARTMENT, OCTOBER, 1976
### (October 26, 1976)

■ In the Matter of LEON HARRIS, Petitioner, v JUSTICES OF THE SUPREME COURT, KINGS COUNTY, Respondents.—Proceeding, pursuant to CPLR article 78, to prohibit the retrial of the petitioner under Indictment No. 3724/73, on the ground that a retrial would subject the petitioner to double jeopardy. Application denied, and proceeding dismissed, without costs. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.