■ In the Matter of ALICE TEETER, on Behalf of Herself and Her Minor Daughter, ELIZABETH T. KROPMAN, Respondent, v JAMES REED, as Director of the Monroe County Department of Social Services, et al., Respondents, and COUNTY OF MONROE, Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: The County of Monroe appeals from an order of Family Court granting petitioner Elizabeth Teeter permission to appeal as a poor person pursuant to CPLR article 11. Under the terms of the order, the county would have to provide two copies of a transcript of a hearing on petitioner's application for writ of habeas corpus, at an estimated cost of approximately $5,000. The county contends that it should not be forced to make such expenditure because petitioner has failed to meet one of the requirements for poor person relief in that she does not have meritorious grounds for appeal. Petitioner applied for a writ of habeas corpus for the return of her child, April Teeter, whom she had surrendered for temporary foster care under the supervision of the Monroe County Department of Social Services in 1972 when the child was four months old. A hearing on the application was held in Family Court, lasting four weeks, during which period some 38 witnesses testified with respect to the character of petitioner and her fitness to care for her child. At the close of the hearing, the court denied the writ on the grounds that petitioner was an unfit mother, that she showed lack of motivation for treatment or improvement, and that the child's mental and emotional condition would be in imminent danger of being impaired if she were to be returned to her mother as a result of the mother's inability to provide a violence-free and stable home for her. The decision was based in part on evidence concerning an emotionally and physically violent relationship which petitioner had with Michael Kropman, with whom she was living and whom she has since married. There was also evidence of criminal behavior by Kropman in which petitioner was perhaps a participant and that this was during the pendency of the proceedings. The court also relied on the testimony of two

psychiatrists who had examined petitioner and found that she would be an unfit parent because of her own chaotic background, her sense of inadequacy to care for the child alone, her impulse-ridden behavior, her dependence on others and her inability to feel secure in her own right as a person. The court found that the child is well cared for, physically and emotionally healthy and that continued healthy development requires a stable and secure environment which petitioner could not provide. In settling conflicts in matters of this kind, the courts of this State have traditionally exhibited a preference for parental care and custody (see, e.g., *People ex rel. Kropp v Shepsky,* 305 NY 465; *People ex rel. Portnoy v Strasser,* 303 NY 539), but such preference is overcome by extraordinary circumstances such as "surrender, abandonment, persisting neglect, unfitness, and unfortunate or involuntary disruption of custody over an extended period of time" in which case "the best interest of the child has always been regarded as superior to the right of parental custody." *(Matter of Bennett v Jeffreys,* 40 NY2d 543, 546; cf. *People ex rel. Scarpetta v Spence-Chapin Adoption Serv.,* 28 NY2d 185.) There is no question that the best interests of the child would not be served by awarding custody to petitioner. If there were to be a reversal and remand for a new hearing, there are more compelling reasons today for denying petitioner a writ. Since the time of the hearing, both petitioner and her husband, Michael Kropman, have been convicted of conspiracy to commit murder and are incarcerated in State correctional facilities. The felony conviction would, of course, be strong evidence against her on the question of fitness and would render her request for custody moot, since she would be unable to exercise such right even if it were granted. Inasmuch as she did not prevail in a custody hearing at a time when her position was significantly better than it is now, we see no reason for the county to provide her with the trial transcript, at great expense, to proceed on an appeal that is obviously without merit. (Appeal from order of Monroe Family Court—poor person.) Present—Cardamone, J. P., Hancock, Jr., Denman and Witmer, JJ.