OPINION OF THE COURT
Elizabeth W. Pine, J.
Petitioner Southern Tier Legal Services (STLS), by the unverified petition of its director, on its own behalf and on behalf of all persons who are clients of STLS or "who have an *1070 actual attorney-client relationship with STLS”[1] seeks a judgment declaring that each of its clients is an indigent person within the meaning of section 35 of the Judiciary Law and CPLR article 11, and granting to each of its clients, by this single application, all of the privileges set forth in section 35 of the Judiciary Law and in CPLR article 11.
This matter was commenced as a special proceeding, by order to show cause served upon the Treasurer of the State of New York and the Attorney-General, and upon the County Attorneys for the Counties of Allegany, Cattaraugus, Chautauqua, Erie, Genesee, Livingston, Monroe, Ontario, Steuben, Wyoming and Yates.
The State of New York and three counties (Monroe, Ontario and Steuben) appeared in opposition to the petition. Seven counties defaulted (Allegany, Cattaraugus, Chautauqua, Erie, Livingston, Wyoming and Yates) and one other (Genesee) responded to the petition by letter, expressing no opposition to the relief requested.
I. RELIEF REQUESTED UNDER SECTION 35 OF THE JUDICIARY LAW
Petitioner seeks a judgment granting to all its clients "all of the privileges” set forth in "Section 35 of the Judiciary Law.”
*1071 In its objection in point of law, the State asserts, inter alia, that "Section 35 of the Judiciary Law provide[s] for poor person status only on a case by case basis and do[es] not authorize the blanket order the petitioner is seeking herein”.
At oral argument, counsel for petitioner asserted that the State’s opposition should not be persuasive because the State "has no financial stake” in opposing the relief requested in this proceeding. However, subdivision 4 of section 35 of the Judiciary Law expressly provides that "[a]ll expenses for compensation and reimbursement under this section shall be a state charge to be paid out of funds appropriated to the office of the state administrator of the judicial conference” (emphasis added).
A. APPOINTMENT AND COMPENSATION OF COUNSEL
It must be assumed that petitioner is not seeking a blanket order appointing counsel, pursuant to subdivision 1 of section 35 of the Judiciary Law, to represent persons who "have an actual attorney-client relationship with STLS”. In the unlikely event that such an application were appropriate it would be determined on its own facts. A blanket order covering such applications would be grossly improper.
Similarly, it must be assumed that petitioner, by this application, is not seeking to obtain, for itself, the relief provided pursuant to subdivisions 2 and 4 of section 35 of the Judiciary Law. Compensation and reimbursement under subdivision 2 of section 35 is available only to court-appointed counsel. No such compensation could properly be awarded on the instant application.
B. APPOINTMENT AND COMPENSATION OF PSYCHIATRISTS, CERTIFIED PSYCHOLOGISTS AND PHYSICIANS
The one remaining subdivision of section 35 of the Judiciary Law, namely subdivision 3, governs applications for the appointment of psychiatrists, certified psychologists or physicians. This subdivision, by its terms, provides for such appointments only "[i]n any proceeding described in paragraph (a) of subdivision one of this section”. Moreover, the court wonders how petitioner even envisions that a "blanket” order, under this subdivision, could be granted or enforced. In practice, issues such as the type of appointment to be made, the number of specialists to be appointed (i.e., up to two), and *1072 indeed, the selection and naming of each specialist, are resolved in each separate proceeding in which an appointment is requested. Such issues are best resolved on a case-by-case basis; petitioner, moreover, has failed to suggest how these issues even could be resolved in a "blanket” application of this nature.
C. STENOGRAPHIC TRANSCRIPTS
While the availability of stenographic transcripts is not a privilege "set forth in” section 35 of the Judiciary Law, payment for transcripts (in the types of proceedings enumerated in Judiciary Law, § 35) can be made available pursuant to its provisions. (See CPLR 1102, subd [b].) However, our courts are not in an appropriate position to determine whether a transcript should be ordered until after a particular hearing or trial has been held. (See Jenks v Murphy, 21 AD2d 346.) An award of "blanket” relief of this type would also be inappropriate.
Petitioner’s request for relief under section 35 of the Judiciary Law is denied. The State’s motion for judgment dismissing petitioner’s claims under section 35 of the Judiciary Law is granted on the ground that this claim, as pleaded, fails to state a cause of action. Such dismissal is without prejudice, however, to future applications made in proceedings subject to the provisions of this statute, on a case-by-case basis.
II. RELIEF REQUESTED UNDER CPLR ARTICLE 11.
Petitioner also seeks judgment granting all its clients "all of the privileges” set forth in "section 1101 et seq. of the Civil Practice Law and Rules”. This relief, unlike that requested under the Judiciary Law, impacts financially at the county level.
A. PROCEDURAL MATTERS
1. VENUE
One (Ontario) of three counties (Monroe, Ontario and Steuben) opposing the instant application asserts that venue of this proceeding cannot lie in Steuben County because "CPLR [5]04[2] specifically mandates that any action against a county *1073 must be brought in that county”. However, in order to "avoid [a] multiplicity of actions and inconsistent decisions” a single suit against all the counties against which relief is requested "serves salutary purposes and should be encouraged.” (City of New York v Town of Colchester, 28 Misc 2d 426, 428, affd without opn 16 AD2d 772; see, also, 2 Weinstein-Korn-Miller, NY Civ Prac, par 504.03 at pp 5-61 — 5-62, n 11.)
Here, as in the Colchester case, an additional reason appears for denying the demand for a change of venue, in that this proceeding involves only issues of law, and does not require the presence of any county representatives except their attorneys.
The demand for a change of venue is accordingly denied.
2. NOTICE
Two (Monroe and Ontario) of the counties opposing the instant application assert that no county clerk, court clerk or Sheriff may be bound by the relief sought herein unless they are named as parties and each separately served with notice of this application.
This argument, if correct, would apply with equal force to every individual application under CPLR article 11. However, CPLR 1101 (subd [c]) imposes no such requirement. The statute requires only that notice be given to the parties, if the action has been commenced, and to the County Attorney in the county (outside the City of New York) in which the action is triable (see CPLR 105, subd [q]). Respondent counties’ argument that such notice is insufficient is tantamount to an assertion that CPLR 1101 (subd [c]) is unconstitutional on its face. This argument is unpersuasive. It was sufficient that notice of this application was given to respondent counties.[3] The objection of Monroe and Ontario Counties that additional persons should have been joined and served, in such counties, is accordingly dismissed.
*1074 B. SUBSTANTIVE MATTERS
1. RELIEF UNOPPOSED
In connection with petitioner’s request for relief pursuant to CPLR article 11, several counties have not opposed the petition herein. As against these counties, petitioner is entitled to judgment. Again, however, it is clear from the face of the petition that certain relief under CPLR article 11 is unavailable to petitioner even by default.
First, this application, is not, on its face, one for permission "to appeal as a poor person” (CPLR 1102, subd [b]). This court, moreover, could not determine at this time whether, at the time of any particular appeal, there will be merit to a particular STLS client’s "contentions that the judgment or order [appealed from] should be reversed.” (Jenks v Murphy, 21 AD2d 346, 347, supra; see, also, Matter of Teeter v Reed, 60 AD2d 786, posttrial felony conviction of litigant seeking child custody considered in determining appeal from order granting leave to appeal as a poor person.) Accordingly, the nonopposing respondents shall not be required to furnish any stenographic transcripts, based on this application, pursuant to CPLR 1102 (subd [b]).
Second, since the instant application is made on behalf of persons who "have an actual attorney-client relationship with STLS” the court must assume that no request is made for the assignment of counsel pursuant to CPLR 1102 (subd [a]). Accordingly, no such relief is granted.
Except as noted above, relief is granted under CPLR article 11 against each of the counties defaulting in this proceeding, namely, the Counties of Allegany, Cattaraugus, Chautauqua, Erie, Livingston, Wyoming and Yates.
The same relief is granted against Genesee County, which, by letter, has indicated that it does not oppose the relief requested herein.
Finally, as against the County of Monroe, and upon its partial nonopposition to the petition, the petition is granted, as against it, to the extent of any fee charged for the issuance of an index number or for the filing of a paper or notice.
In each of the foregoing cases, a judgment or settlement obtained by or on behalf of an STLS client in any of the foregoing counties shall be subject to the further provisions of CPLR 1103.
*1075 2. RELIEF OPPOSED
Three counties oppose the relief requested herein by petitioner, in whole or in part.
Based on the present language of CPLR article 11, and given the limited inherent power of this court to award other relief to poor persons, the court concludes that it cannot, over objection, grant the relief requested herein.
A. STATUTORY RELIEF
1. FINANCIAL AFFIDAVIT; BENEFICIAL INTEREST OF OTHERS
CPLR article 11 requires that a person seeking leave to proceed as a poor person file his affidavit stating his income and assets and showing he is unable to pay the costs, fees and expenses necessary to prosecute or defend the action. This requirement must be met if relief is to be granted under the present statute.
Petitioner alleges that it is a recipient of Legal Services Corporation (LSC) funds and is subject to income eligibility regulations promulgated by that Federal agency. (45 CFR Part 1611.) In particular, the petition alleges that "[t]hese regulations provide that no recipient of funds from LSC may have a maximum income level for determining client eligibility that is greater than 125% of the official poverty threshold as defined by the Office of Management and Budget.”[4] Closer examination shows, however, that the LSC guidelines are not so rigid as petitioner suggests. The LSC regulations expressly provide for a variety of exceptions under which a person whose income exceeds this level may be represented using LSC funding. (45 CFR 1611.4 [a] [b] [c].) In particular, representation may be provided on the basis of "one or more of the factors set forth in § 1611.5(b)”, which factors include, for example, current income prospects (45 CFR 1611.5 [b] [1]), fixed debts and obligations, including Federal and local taxes, and medical expenses (45 CFR 1611.5 [b] [3]), and the cost of obtaining private legal representation with respect to the particular matter in which assistance is sought (45 CFR 1611.5 [b] [6]; see 45 CFR 1611.5 [b] [1-8]).
*1076 Moreover, where legal representation is provided by a partially LSC-funded corporation, but is provided using other than LSC moneys, none of the foregoing restrictions apply. (45 CFR 1611.3 [e].)
While the construction of the term poor person under CPLR article 11 is indeed itself a "relative concept” (Lancer v Lancer, 70 Mise 2d 1045, 1048), the existing provisions of CPLR article 11 furnish no basis for this court to determine that client eligibility standards for a particular LSC-funded agency entitle all clients of that agency (whether represented by the use of LSC or other funds) to proceed as poor persons.
The court notes that, in any event, petitioner failed to submit together with this application a copy of the project eligibility guidelines it is required to establish pursuant to 45 CFR 1611.5 (a). Before forma pauperis relief is to be made available by a "blanket” order to the client population of a particular LSC agency, it might well be appropriate that the agency be required to file, in connection with its application, a copy of its eligibility guidelines, and to file, on a continuing basis, any subsequent changes in such guidelines.
The present statute, however, contemplates individualized applications to the court, and requires each moving party, by affidavit, to show his financial condition, and to state whether there is any other person beneficially interested in any recovery sought and if so, to state whether every such person is unable to pay such costs, fees and expenses. (CPLR 1101, subd [a].)
By no reasonable construction of the present statute can the court determine, over repondents’ objection, that petitioner has met these requirements, on the instant application, in the case of each individual having an attorney-client relationship with STLS.
2. SUFFICIENT SHOWING OF MERITS OF THE ACTION
Similarly, petitioner has not established, on the instant application, that in each and every one of its clients’ actions, "there is merit in the [client’s] contentions — i.e., that [the case] is not frivolous.” (1958 Report of the Temporary State Commission on the Courts, NY Legis Doc, 1958, No. 13, p 389.)
Under the existing provisions of CPLR 1101 (subd [a]), even an affidavit of counsel stating that there is or will be merit to a litigant’s claims does not relieve the litigant himself "from *1077 the requirement of setting forth facts in [his] own affidavit] showing merit”. (Matter of Teeter v Reed, 57 AD2d 735.)
For this additional reason, the "blanket” relief requested herein may not be granted under CPLR article 11.
B. RELIEF BASED ON THE INHERENT POWER OF THE COURT
While petitioner has failed to raise or brief the issue, the court notes that courts have, on occasion, "directed attention to and exercised our plenary power to grant limited relief to [a litigant] separate and distinct from” that available under CPLR article 11. (Jenks v Murphy, 21 AD2d 346, 347, supra; emphasis added.)
While prior decisions have recognized, for example, some inherent power in the courts to appoint counsel without compensation (see People ex rel. Acritelli v Grout, 87 App Div 193, 195-196, affd on prevailing opn below 177 NY 587), or to waive the requirement of a printed record on appeal and to permit the preséntation of an appeal upon a limited number of typewritten or other reproduced copies of the record (Eagle Contrs. of Utica v Black, 5 AD2d 954), the plenary power of this court does not appear to encompass the relief requested by petitioner herein.
Based on the foregoing, the petition is dismissed in its entirety with respect to the Counties of Ontario and Steuben. With respect to the County of Monroe, the petition is dismissed except with respect to that portion of the petition not opposed by that county (see section II. B. 1., supra).
C. THE NEED FOR NEW LEGISLATION
The foregoing strongly suggests that CPLR article 11 is in need of change.
The fact that the clear majority of the counties served in this action either defaulted or consented to the relief requested suggests that the availability of poor person relief under CPLR article 11, to persons represented by legal services organizations, was not perceived as an unreasonable or inappropriate result. Moreover, the availability of "blanket” CPLR article 11 relief to the clients of a legal services organization should not have to depend upon whether a particular county elects to oppose or not to oppose the relief requested.
Further, the courts, counties, legal services organizations, and the public at large would realize a net benefit if the court, *1078 and counsel, were not called upon to consider the eligibility of legal services organzation clients for CPLR article 11 relief on an individualized case-by-case basis.
The court notes that a proposal for the adoption of an amendment to CPLR article 11, creating a new section, CPLR 1104, has been recommended in the Seventeenth Annual Report of the Judicial Conference and the Chief Administrator of the Courts. (1979 McKinney’s Session Law News, pp A-264 —A-266.) This proposal is rather restrictive, in that it would allow only index number, note of issue, and certification fees to be waived other than by individualized applications. The enactment of such a proposal into law, or better, perhaps, a less restrictive one perpetuating the requirement of case-by-case applications only in connection with stenographic transcripts, would represent a positive and desirable legislative step.
Until such a statute is enacted, however, it appears that applications like the instant petition will continue to yield inconsistent results.

. While petitioner has in no way attempted to prosecute this matter as a class action, the above language is apparently intended to cover all future clients of STLS, as well as all persons having an attorney-client relationship with STLS when the petition was signed.
Regrettably, in a matter of such direct importance to its client population, and in an area in which prior applications of this nature appear to have been so few in number and so divided in result (see, e.g., Matter of North Country Legal Servs., 94 Mise 2d 831; Matter of Nassau County Law Servs. Committee, Supreme Ct, Nassau County, June 30, 1978, Niehoff, J.; Matter of Monroe County Legal Assistance Corp., City Ct of Rochester, Monroe County, May 26, 1978, all denying blanket relief under CPLR article 11; Matter of Monroe County Legal Assistance Corp., Index No. 13606/ 77, Supreme Ct, Monroe County, March 17, 1978; Matter of Monroe County Legal Assistance Corp., Index No. 11711, Supreme Ct, Allegany County, May 29, 1978, granting relief under both CPLR article 11 and Judiciary Law, § 35), petitioner failed to provide any memorandum of law in support of its petition. (See, also, Lancer v Lancer, 70 Mise 2d 1045, 1047-1048, person meeting Nassau County Law Services Committee criteria for free legal services not per se entitled to proceed as a poor person pursuant to CPLR 1101.)
Since the relief requested in this proceeding directly aifects STLS clients, it would have been to petitioner’s credit had it proceeded herein with the vigor shown in prior applications for attorneys’ fees for STLS counsel. (See, e.g., Matter of Ashley v Curtis, 96 Mise 2d 45, mod 67 AD2d 828.)

. This appears to be the section which counsel intended; the section actually cited was CPLR 304.

. Individual notice to the Sheriff, for example, in addition to notice to the county, is unnecessary. The Sheriff neither receives nor holds his fees (CPLR 8011) in his own right, but rather, as a county officer (County Law, §§ 201, 400; see, also, 11 Opns St Comp, 1955, p 738). His fees constitute county property, payable to the county treasury (County Law, § 201; see, also, County Law, § 407 [accounts of fees]). Under such circumstances, an application pursuant to CPLR article 11, on notice to the county, need not also be on notice to the Sheriff.

. This unqualified representation appears to be based on the provisions of 45 CFR 1611.3 (b), which provides: "Unless specifically authorized by the Corporation, a recipient shall not establish a maximum annual income level that exceeds one hundred and twenty-five percent (125 percent) of the official poverty threshold as defined by the Office of Management and Budget.” (Emphasis added.)