■ EDWARD B. FLYNN, JR., Appellant, v CITY OF LONG BEACH, Respondent. — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated May 24, 1983, which was in favor of defendant upon defendant's motion for summary judgment dismissing the complaint on the ground that the action was time barred.

Judgment reversed, on the law, with costs, and defendant's motion for summary judgment denied, complaint reinstated, and plaintiff's cross motion to strike the Statute of Limitations affirmative defense from the answer granted.

This case is governed by the recent decision of the Court of Appeals in *Giblin v Nassau County Med. Center* (61 NY2d 67),

holding that the limitations period in General Municipal Law § 50-i for bringing an action against a municipality is tolled from the date of the plaintiff's application to serve a late notice of claim until the date of an order granting such an application. Therefore, the action at bar was timely, despite the fact that it was commenced one year and 91 days after the date of the accident, as the limitations period was tolled for 65 days, from the date of plaintiff's order to show cause requesting leave to serve a late notice of claim until the date of the order granting that application.

We reject defendant's contention that plaintiff may not raise issues on the instant appeal related to the order granting defendant's motion for summary judgment and dismissing the complaint, as he failed to take a timely appeal from that order upon which the judgment appealed from was based. It has repeatedly been held that a party may appeal from a judgment entered based upon an order granting a motion for summary judgment, despite the fact that the time in which to appeal from the underlying order has elapsed (*see, Endicott Johnson Corp. v Foldesy,* 248 NY 655; *Austrian Lance & Stewart v Jackson,* 50 AD2d 735; *see also, Servidone Constr. Corp. v Security Ins. Co.* 93 AD2d 918, *mot to dismiss appeal granted* 60 NY2d 586). Indeed, if plaintiff had timely perfected his appeal from both the order and the judgment, the appeal from the order would have been dismissed, since the entry of the final judgment terminated the right of direct appeal from the order and the issues raised on the appeal from the order would be addressed on the appeal from the judgment (*see,* CPLR 5501 [a]; *Matter of Aho,* 39 NY2d 241, 248; *Parola v Lido Beach Hotel,* 99 AD2d 465; *Austrian Lance & Stewart v Jackson, supra,* p 736). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.