■ RESCUE FIRE CO. 5, INC., Appellant, v WILLIAM DOWLING et al., Respondents.—Motion denied. Same memorandum as in *Craft v Minicucci* (120 AD2d 990). Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.

■ DAVID HILFIKER et al., Appellants, v AFRIMET-INDUSSA, INC., et al., Respondents.—Motion to dismiss appeal as untimely taken denied. Memorandum: An appeal lies from a judgment entered upon an order granting a motion for summary judgment even though the time in which to appeal from the underlying order has expired *(Endicott Johnson Corp. v Foldesy,* 248 NY 655; *Flynn v City of Long Beach,* 108 AD2d 840; *contra, Acres v Hitchcock,* 77 AD2d 744, *mot to dismiss appeal granted* 51 NY2d 877; *see further, Donnelly v Bauder,* 217 App Div 59). Present—Dillon, P. J., Doerr, Pine, Lawton and Schnepp, JJ.

■ In the Matter of LOUELLA PALMER, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Motion, insofar as it requests poor person relief, denied, without prejudice to an application to the trial court *(Jenks v Murphy,* 21 AD2d 346); appellant's time to perfect appeal extended to July 16, 1986.

■ THE PEOPLE OF THE STATE OF NEW YORK v RANDOLPH SCOTT and LAMAR SCOTT, Defendants.—Motion to change venue of trial of indictment from Niagara County denied. Memorandum: We conclude that defendants have not on this application met their burden of demonstrating that there is "reasonable cause to believe that a fair and impartial trial cannot be had" in Niagara County (CPL 230.20 [2]). If it develops during the voir dire that a fair and impartial jury cannot be drawn, an appropriate application may then be made. The relief requested in the application before us now is premature. *(see, People v Di Piazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982, *appeal dismissed* 35 NY2d 844.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.