■ RONALD CLAPPER, Plaintiff, v COUNTY OF ALBANY, Defendant, and BELTRONE CONSTRUCTION COMPANY/McMANUS LONGE & BROCKWEHL, INC., a Joint Venture, et al., Defendants and Third-Party Plaintiffs-Respondents; SYRACUSE RIGGING COMPANY, INC., Third-Party Defendant-Appellant. (And a Fourth Fifth-Party Action.)—Casey, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered November 4, 1991 in Albany County, which, *inter alia,* granted a cross motion by defendant and third-party plaintiff Lehigh Structural Steel Company, Inc. for summary judgment compelling third-party defendant Syracuse Rigging Company, Inc. to defend and indemnify it, and (2) from an order of said court, entered November 27, 1991 in Albany County, which, *inter alia,* granted a motion by defendant and third-party plaintiff Beltrone Construction Company/McManus Longe & Brockwehl, Inc. for summary judgment compelling third-party defendant Syracuse Rigging Company, Inc. to defend and indemnify it.

Plaintiff, an employee of Syracuse Rigging Company, Inc. (hereinafter Syracuse Rigging), was injured while working at the construction site of the Knickerbocker Arena in the City of Albany. To recover damages for his injuries, plaintiff com-

menced an action against, among others, Beltrone Construction Company/McManus Longe & Brockwehl, Inc. (hereinafter Beltrone) and Lehigh Structural Steel Company, Inc. (hereinafter Lehigh). Beltrone was hired by the County of Albany to be the general contractor and construction manager. The County of Albany also contracted with Lehigh to furnish and install the structural steel. Lehigh subcontracted with Syracuse Rigging to install the structural steel. At issue on these appeals is whether Supreme Court correctly granted summary judgment to Lehigh and Beltrone on their claims for indemnification against Syracuse Rigging.

In its subcontract with Lehigh, Syracuse Rigging agreed to obtain "insurance coverage * * * in such form as shall reasonably be acceptable to [Lehigh] with minimum limits [for] Comprehensive General Liability * * * of no less than $10,000,000 for each occurrence with * * * Personal Injury". The subcontract also required that Lehigh and Beltrone be named as additional insureds. Syracuse Rigging obtained insurance with the required limits which named both Lehigh and Beltrone as additional insureds, "but only with respect to liability arising out of 'your [Syracuse Rigging's] work' ". Although the injured plaintiff is Syracuse Rigging's employee, the insurer denied coverage to Lehigh and Beltrone on the ground that the injuries were not caused by Syracuse Rigging's work, but by the work of another contractor at the site.

In opposition to Lehigh's request for summary judgment on its indemnification claim based upon the insurance provision in the subcontract, Syracuse Rigging argued that Lehigh's right to coverage was limited by the terms of the insurance policy obtained by Syracuse Rigging and, therefore, Lehigh could not be entitled to indemnification unless and until it was determined that plaintiff's injuries arose out of Syracuse Rigging's work. Supreme Court held that Syracuse Rigging's obligation to obtain comprehensive general liability insurance naming Lehigh as an additional insured was not satisfied by the coverage obtained by Syracuse Rigging, which was limited to liability arising out of Syracuse Rigging's work. We agree with Supreme Court.

It is well established that a party who breaches its contractual obligation to obtain insurance coverage for the benefit of another party is liable to that other party for the resulting damages (Kinney v Lisk Co., 76 NY2d 215, 219; Edwards v International Bus. Machs. Corp., 174 AD2d 863, 864). The obligation of Syracuse Rigging to obtain insurance coverage naming Lehigh as an additional insured was imposed by the

subcontract between Lehigh and Syracuse Rigging and, there-
fore, the scope of the insurance coverage that Syracuse Rig-
ging was obligated to obtain must be determined by the terms
of the subcontract, not the terms of the insurance policy
procured by Syracuse Rigging. The subcontract required Syra-
cuse Rigging to obtain comprehensive general insurance with
Lehigh named as an additional insured, an obligation which
extended to coverage of all liability arising out of the activi-
ties contemplated by the subcontract, not just liability arising
out of Syracuse Rigging's conduct *(see, Roblee v Corning
Community Coll.,* 134 AD2d 803, *lv denied* 72 NY2d 803). The
liability which plaintiff seeks to impose upon Lehigh in this
action arises out of plaintiff's work at the construction site as
Syracuse Rigging's employee and, therefore, the liability
arises out of the activities contemplated by the subcontract,
regardless of whether plaintiff's injuries were caused by Syra-
cuse Rigging or by some other contractor. As a result of the
insurer's denial of coverage, which is not an issue on this
appeal, Lehigh has not been afforded the coverage to which it
was entitled under the subcontract. Syracuse Rigging, there-
fore, breached its contractual obligation and is liable to Le-
high for the resulting damages. Accordingly, the order grant-
ing summary judgment to Lehigh on its indemnification claim
against Syracuse Rigging should be affirmed.

After Lehigh was granted summary judgment on its indem-
nification claim, Beltrone moved for summary judgment on its
indemnification claim against Syracuse Rigging. In opposition
to this motion, Syracuse Rigging again argued that the terms
of the policy it procured limited the coverage that Beltrone
was entitled to under the subcontract with Lehigh. Syracuse
Rigging also argued that it was only required to provide
insurance coverage in "such form as shall reasonably be
acceptable to [Lehigh]", and that neither Lehigh nor Beltrone
can now claim that the insurance coverage provided to them
was not acceptable. Supreme Court held that Beltrone was a
third-party beneficiary of the subcontract between Lehigh and
Syracuse Rigging and, therefore, was entitled to the same
insurance coverage as Lehigh. The order granting summary
judgment to Beltrone should be affirmed.

The subcontract between Lehigh and Syracuse Rigging re-
quires that Beltrone be named as an additional insured cov-
ered by the insurance that Syracuse Rigging was obligated to
procure and, therefore, Beltrone is a third-party beneficiary of
the subcontract *(see, Bonwell v Stone,* 128 AD2d 1013, 1014).
The coverage to which Beltrone was entitled under the sub-

contract is the same as that to which Lehigh was entitled and, therefore, Beltrone has established its entitlement to summary judgment for the same reasons as previously discussed in regard to Lehigh. We note that the affidavit in opposition to Lehigh's motion for summary judgment submitted by Syracuse Rigging did not raise the issue of whether the insurance coverage actually procured by Syracuse Rigging was "acceptable" to Lehigh, so as to comply with the subcontract. Nor is there any evidence in either record that Lehigh was aware that the insurance coverage procured by Syracuse Rigging was limited and did not extend to all liability arising out of the activities contemplated by the subcontract. In these circumstances, Syracuse Rigging's unsupported claim that Lehigh determined the form of the insurance coverage to be acceptable is insufficient to defeat Beltrone's motion for summary judgment.

Mikoll, J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.