■ CHESTER J. RYBICKI et al., Plaintiffs, v BELTRONE CONSTRUCTION COMPANY, INC./McMANUS, LONGE, BROCKWEHL, INC., a Joint Venture, Defendant and Third-Party Plaintiff-Respondent. SYRACUSE RIGGING COMPANY, INC., Third-Party Defendant-Appellant. [605 NYS2d 453] —White, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered September 18, 1992 in Schenectady County, which directed third-party defendant to pay certain counsel fees to defendant.

Plaintiff Chester J. Rybicki (hereinafter plaintiff), was injured while working at the construction site of the Knickerbocker Arena in the City of Albany. Thereafter, plaintiff and his spouse commenced this personal injury action against defendant, the construction manager. Defendant, in turn, commenced an action for indemnification against plaintiff's employer, third-party defendant.

Third-party defendant installed the structural steel pursuant to a subcontract with Lehigh Structural Steel Company, which had entered into a contract with the County of Albany to furnish and install the structural steel. In its subcontract with Lehigh, third-party defendant agreed to "indemnify and

hold harmless the owner and the contractor and their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from the performance of the work".

In the course of pretrial proceedings, defendant moved for summary judgment against third-party defendant predicated upon the indemnification agreement contained in the subcontract. Besides opposing the motion, third-party defendant cross-moved for summary judgment against defendant on the theory that the "other insurance" clauses in the parties' comprehensive general liability policies obligated defendant's insurer to contribute equally to the costs of defending defendant and to any potential judgment of indemnification issued in plaintiffs' action.

Supreme Court, by order dated March 4, 1992, granted defendant summary judgment and declared that third-party defendant was required to indemnify defendant to the extent of $10 million, to assume the defense of defendant in plaintiffs' action and to pay defendant's legal costs to date. The cross motion was denied, apparently on the ground that the issues raised therein could only be determined in a declaratory judgment action between the parties' insurers.* Upon submission of proof of legal expenses incurred by defendant, Supreme Court rendered a judgment awarding it $3,552.07 in legal fees. This appeal ensued following the entry of the judgment on September 18, 1992. We affirm.

Initially, we note that, even though third-party defendant did not appeal from the March 1992 order, the appeal from the final judgment entered on September 18, 1992 brings up for review that order (see, Stride Contr. Corp. v Board of Contract & Supply, 181 AD2d 876, 877; Hilfiker v Afrimet-Indussa, Inc., 120 AD2d 991; Flynn v City of Long Beach, 108 AD2d 840, 841).

In Clapper v County of Albany (188 AD2d 774), we determined that defendant was a third-party beneficiary of the subcontract between Lehigh and third-party defendant and that the parties' obligations were to be ascertained in accordance with the terms of the subcontract, not by the terms of the insurance policies. Inasmuch as third-party defendant

---

* A declaratory action was commenced in Albany County which resulted in a determination that defendant's insurer is required to defend and indemnify defendant in this action and to reimburse third-party defendant's carrier for one half of all legal and defense costs incurred to date (United States Fid. & Guar. Co. v CNA Ins. Cos., Sup Ct, Albany County, Sept. 3, 1993, Kahn, J.).

specifically agreed to indemnify and hold harmless the contractor (defendant) from all expenses, including counsel fees, it is clearly obligated under the terms of the subcontract to pay defendant's costs of defense. Supreme Court's order and judgment accurately reflect these terms.

The insurers for defendant and third-party defendant were necessary parties to the cross motion because their legal rights would have been affected by a determination of the motion (see, Staten Is. Hosp. v Alliance Brokerage Corp., 137 AD2d 674, 677). Thus, as they were not parties to this action, Supreme Court did not abuse its discretion in denying the cross motion (see, CPLR 1001 [a]). For the same reason, we will not consider on this appeal third-party defendant's argument that there should be an apportionment of defense costs based upon the "other insurance" clauses contained in the subject policies.

Mercure, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.