■ UNITED STATES FIDELITY & GUARANTY COMPANY, Respon-

dent, v CNA Insurance Companies et al., Appellants. [618 NYS2d 465] —Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered September 29, 1993 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment and made a declaration in its favor.

Chester Rybicki, an employee of Syracuse Rigging Company, Inc., was injured while working at the construction site of the Knickerbocker Arena in the City of Albany. As a result, he commenced a personal injury action against defendant Beltrone Construction Company, Inc./McManus, Longe, Brockwehl, Inc. (hereinafter Beltrone). Beltrone was the general contractor and construction manager of the project and had procured commercial general liability insurance from defendant CNA Insurance Companies (hereinafter CNA) to protect against liability arising out of the performance of the work on the project. Albany County had contracted with Lehigh Structural Steel Company, Inc. to perform the structural steel work on the project which, in turn, subcontracted with Syracuse Rigging to install the steel.

In its subcontract with Lehigh, Syracuse Rigging agreed to indemnify Beltrone against all claims resulting from the performance of the work and to procure liability insurance naming Beltrone as an additional insured. Pursuant to that agreement, Syracuse Rigging obtained a commercial liability insurance policy from plaintiff naming Beltrone as an additional insured.

After Rybicki commenced his personal injury action against Beltrone, the latter commenced a third-party action against Syracuse Rigging seeking indemnification and Beltrone moved for summary judgment. Syracuse Rigging cross-moved for summary judgment on the theory that CNA was obligated to contribute equally with plaintiff to the costs of defending and indemnifying Beltrone for any potential judgment by reason of the provisions of the insurance policies issued by CNA and plaintiff. Supreme Court granted Beltrone's motion and denied Syracuse Rigging's cross motion, and this Court affirmed *(see, Rybicki v Beltrone Constr. Co.,* 199 AD2d 706).

In the interim, plaintiff commenced this declaratory judgment action seeking a declaration that CNA is obligated to share equally in the defense and indemnification of Beltrone on the theory that Beltrone is a "mutual insured" of plaintiff and CNA. Plaintiff moved for summary judgment, which motion was granted by Supreme Court, and this appeal ensued.

It is beyond dispute that CNA and plaintiff have issued commercial general liability insurance policies insuring Beltrone against claims arising out of the work performed on the project in question. It is also uncontroverted that both policies have identical "other insurance" clauses which provide for contribution by equal shares between the companies for defense and indemnification of Beltrone. Nevertheless, CNA contends that because the subcontract between Lehigh and Syracuse Rigging provides for complete indemnification of Beltrone for claims arising out of the performance of the contract, plaintiff is the primary insurer of Syracuse Rigging despite the "other insurance" clauses in the policies. We disagree.

We observed in *Clapper v County of Albany* (188 AD2d 774) that "the scope of the insurance coverage that Syracuse Rigging was obligated to obtain [for Beltrone] must be determined by the terms of the subcontract [between Lehigh and Syracuse Rigging], not the terms of the insurance policy procured by Syracuse Rigging" *(supra,* at 776). Likewise, the scope of the insurance coverage actually obtained by Syracuse Rigging and Beltrone must be determined by the terms of the policies, not the terms of the subcontract. It is axiomatic that the rights and obligations of parties under insurance contracts are predicated on the language of the policies and unambiguous provisions must be given their plain and ordinary meaning *(see, United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). Here, the terms of both policies clearly and unequivocally provide for equal contribution towards the defense and indemnification of Beltrone, and we are not at liberty to rewrite them to conform to the terms of a contract to which the insurance companies were not parties *(see, supra).*

In this regard, we note that CNA may well be subrogated to the rights of Beltrone as the result of any payments made under its policy, thereby entitling it to seek indemnification from Syracuse Rigging, because the antisubrogation rule does not apply where distinct and separate insurance policies are involved *(compare, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 295). While this would produce the anomalous result of requiring plaintiff to indemnify Syracuse Rigging for the ensuing judgment obtained by CNA, it would be in keeping with the judgment already obtained in the underlying lawsuit.

Cardona, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.