■ In the Matter of EUGENE ZDEB. OKSANA ZDEB, Appellant; UNITED HEALTH SERVICES HOSPITALS, INC., Respondents. [626 NYS2d 248] —Mercure, J. P. Appeal from an order of the Supreme Court (Fischer, J.), entered October 13, 1993 in Broome County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 77, to be appointed conservator of the property of Eugene Zdeb.

In May 1992, petitioner made an application to have herself appointed conservator for her father, Eugene Zdeb, who was partially paralyzed and unable to communicate and had been confined to Wilson Memorial Regional Medical Center, owned by respondent United Health Services Hospitals, Inc. (hereinafter UHSH), from the time of an August 1989 stroke. UHSH, as an interested party pursuant to Mental Hygiene Law former § 77.07, filed responding papers acknowledging that there was a need for the appointment of a conservator but objecting to petitioner's appointment. Following the appointment of a Guardian ad Litem, who ultimately recommended that respondent Broome County Department of Social Services be appointed conservator for Zdeb, Supreme Court made a determination that petitioner was not a suitable conservator. In light of the enactment of Mental Hygiene Law article 81, effective April 1, 1993, and its specific finding that the record supported the appointment of a temporary guardian, Supreme Court issued an order, entered October 13, 1993, among other things denying petitioner's application that she be appointed conservator and instead appointing the Broome County Commissioner of Social Services to serve as temporary guardian

pending further proceedings. Thereafter, by order dated December 23, 1993, Supreme Court, *inter alia,* appointed the Commissioner as Zdeb's guardian. Petitioner appeals the order entered October 13, 1993, but no appeal has been taken from the latter order.

As a threshold matter, we agree with respondents that the entry of the final judgment appointing the Commissioner as Zdeb's guardian terminated petitioner's right to seek review of the nonfinal order appealed herein, requiring dismissal of the appeal *(see, Matter of Aho,* 39 NY2d 241, 248; *Weinstein Enters. v Town of Kent,* 135 AD2d 625, *lv denied* 72 NY2d 801; *Austrian Lance & Stewart v Jackson,* 50 AD2d 735). Moreover, were we to reach the merits, it is our further conclusion that Supreme Court did not abuse its discretion in appointing the Commissioner rather than petitioner as guardian for Zdeb. The record reveals that petitioner failed to satisfactorily propose a definite plan for Zdeb, despite repeated requests and a more than adequate opportunity to do so. There is also ample evidence that petitioner failed to cooperate with Zdeb's caregivers in formulating and effectuating a discharge plan for Zdeb, even though there was no reason to retain him in an acute care facility after December 1989. Although it is preferable to appoint a family member when one is qualified *(see, Matter of Steinberg,* 121 AD2d 872; *Matter of Noel,* 92 AD2d 1053), the record supports Supreme Court's conclusion that petitioner was not suitable to act as Zdeb's guardian *(see, Matter of Lyon,* 52 AD2d 847, *affd* 41 NY2d 1056).

The parties' additional contentions have been considered and rejected as lacking in merit.

White, Casey, Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, without costs.