■ In the Matter of VERONICA L. ROBINSON et al., Appellants. STANLEY K. SCHLEIN, as Guardian, Respondent. [709 NYS2d 170] —Order and judgment (one paper), Supreme Court, Bronx County (Anne Targum, J.), entered on or about September 3, 1998, which, insofar as appealed from, denied that portion of petitioners' application as sought their appointment as property management co-guardians for the incapacitated person, their father, and instead appointed the court evaluator, unanimously reversed, on the law, without costs, to delete the name of Stanley Kalmon Schlein as guardian of the property management of Vincent J. Robinson and insert the names of Veronica L. Robinson and Patrick Robinson in his place subject to the requirements of Mental Hygiene Law § 81.39 (b). Appeal from decision dated May 15, 1998, unanimously dismissed, without costs, as taken from a nonappealable paper.

Given the safeguards of article 81 of the Mental Hygiene Law and absent any evidence that the proposed family members had failed to properly care for the incapacitated person or that there was any conflict of interest, it was an abuse of the court's discretion to appoint the court evaluator instead of petitioners as the property management guardian for their incapacitated father (*see, Matter of Chase*, 264 AD2d 330; *Matter of Steinberg*, 121 AD2d 872, 874).

Although the nature of the financial resources involved is one of eight factors to be considered by the court in appointing a guardian (Mental Hygiene Law § 81.19 [d] [6]), if the fact that petitioners had no experience in managing large sums of

money—the sole reason given by the court for its refusal to appoint the family members chosen by this closely knit family to manage their father's property—were to be the controlling factor, it would be virtually impossible for most family members not versed in financial management to satisfy such a requirement. There is no evidence that the court evaluator, other than through his status as an attorney, was any better suited to manage large sums of money than a layman. Obviously, any property management guardian would be derelict in his or her duties if he or she did not seek professional financial management advice or services, which petitioners stated they had already done. In fact, petitioner Veronica L. Robinson and her mother, with the assistance of attorneys and other advisors they had retained, had handled her father's affairs for more than seven years, including the multi-million dollar settlement of a personal injury action on her father's behalf.

Nor is there any statutory or other basis for the court's reluctance to appoint the son, petitioner Patrick Robinson, simply because he was living in England at the time and would not return to this country for a year or so (cf., *Matter of Steinberg, supra,* at 873). Given modern communication and transportation, his absence from New York would not appear to hamper him from helping his sister to manage his father's financial affairs or otherwise disqualify him from appointment. Concur—Rosenberger, J. P., Wallach, Lerner, Andrias and Friedman, JJ.