■ In the Matter of KATHLEEN FF., a Person Alleged to be Incapacitated. KATHLEEN FF. et al., Respondents; PATRICIA D. LOCKHART, Appellant. (And Another Related Proceeding.) [776 NYS2d 609]—

Peters, J. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered February 14, 2003 in Schenectady County, which, inter alia, granted petitioners' application, in two proceedings pursuant to Mental Hygiene Law article 81, to appoint a guardian for the person and property of petitioner Kathleen FF.

Petitioner Kathleen FF. (hereinafter petitioner), born in 1922, has been dependent upon others for the majority of her life. At petitioner's request, her niece, petitioner Susan D. Busby, has acted as her attorney-in-fact under a general durable power of attorney since 1989, except for one short interruption. Busby arranged for petitioner's care, including her current placement at the Heritage Home for Women in the City of Schenectady, Schenectady County.

Despite Busby's residence in California, she regularly visits petitioner, remains in close contact with the Heritage Home and handles all of petitioner's financial matters. In connection therewith, petitioner's attorney sent a letter to petitioner's niece, Denise McInturff, and her nephew, Peter Lockhart, requesting their consent to partially revoke an irrevocable trust that petitioner had set up in 1993 in order to avoid adverse tax consequences. McInturff and Lockhart, who had no knowledge of the trust, refused their consent. They were denied further information about the corpus of the trust.

Lockhart then became more aggressively involved in petitioner's life. He attempted to have her release information concerning her assets; petitioner instructed her attorney not to do so. Lockhart traveled from his home in California and convinced petitioner to sign a waiver of confidentiality which allowed him to see various financial documents regarding assets outside of the trust. Upon Lockhart's second visit, he obtained a general durable power of attorney which was quickly revoked; Busby was immediately reinstated.

Under these acrimonious circumstances, petitioner and Busby commenced this proceeding seeking Busby's appointment as petitioner's guardian. Notice was properly served on all relevant parties, including respondent, petitioner's sister. Respondent objected to Busby's nomination and cross-petitioned for the appointment of either Lockhart or an independent third party; she alleged that Busby engaged in self-dealing and was isolating petitioner from her family. After a hearing, Supreme Court determined that petitioner was not, in fact, incapacitated and

that the appointment of a guardian was necessary. Busby was appointed guardian and conditions were placed upon her power. Respondent appeals.

There is no dispute that petitioner exercised her statutory right to request that Busby be appointed as her guardian (*see* Mental Hygiene Law § 81.17) and that Supreme Court was obligated to appoint her nominee unless it found her to be unfit (*see* Law Rev Commn Comments, reprinted in McKinney's Cons Laws of NY, Book 34A, following Mental Hygiene Law § 81.17, at 354). Guided by the axiom that an appointment of a family member is preferable to the appointment of an outside party (*see* Mental Hygiene Law § 81.19 [a] [1]; *Matter of Joseph V.*, 307 AD2d 469, 471 [2003]; *Matter of Zdeb*, 215 AD2d 803, 804 [1995]), Supreme Court determined, after hearing the testimony of petitioner, Busby and the court evaluator, among others, that Busby had a great deal of love and affection for petitioner and had a business and financial background, managing not only petitioner's assets but also serving as either the executor, trustee or personal representative for petitioner's sisters. Supreme Court properly resolved respondent's allegation that Busby's dual role as either a trustee/beneficiary and contingent remainderman of various trusts constituted a conflict of interest, by determining that without proof of wrongdoing or unfitness to serve, Busby's appointment was not precluded.

We further find that the evidence supports Supreme Court's appointment of a guardian for petitioner's personal and property management needs (*see* Mental Hygiene Law § 81.02; *Matter of Mary J.*, 290 AD2d 847, 850 [2002]) and that all relevant factors were properly considered (*see* Mental Hygiene Law § 81.02 [c], [d]). With no finding that Supreme Court abused its discretion in the appointment of Busby, particularly in light of the court-ordered monitoring of her activities (*see* Mental Hygiene Law § 81.02 [a] [2]; *Matter of Robinson*, 272 AD2d 176 [2000]; *Matter of Steinberg*, 121 AD2d 872, 873-874 [1986]),* we affirm.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

* Supreme Court revoked Busby's durable power of attorney, precluded her from making gifts out of petitioner's assets and relocating her without prior approval. It further set forth Busby's reporting obligations under the Mental Hygiene Law (*see* Mental Hygiene Law §§ 81.30, 81.31) and required her to make quarterly visits to petitioner.