Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights (2018 NY Slip Op 07011)





Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights


2018 NY Slip Op 07011


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018

525329

[*1]In the Matter of JPK IMPORTS/ONEONTA, INC., Doing Business as EMPIRE TOYOTA SCION, Appellant,
v
NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. (And Another Related Proceeding.)

Calendar Date: September 13, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Hinman, Howard & Kattell, LLP, Binghamton (Albert J. Millus Jr. of counsel), for appellant.
Caroline J. Downey, New York State Division of Human Rights, New York City (Toni Ann Hollifield of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Coccoma, J.), entered May 17, 2017 in Otsego County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent finding petitioner guilty of an unlawful discriminatory practice based on disability, and imposed a penalty and fine.
David Fink filed a complaint with respondent alleging that petitioner, his former employer, unlawfully discriminated against him by terminating his employment because of his disability. Following a hearing, at which petitioner did not appear, an Administrative Law Judge found that petitioner engaged in unlawful discriminatory conduct and recommended awards to Fink for back pay and compensatory damages and a civil fine of $1,000. Petitioner filed objections to the Administrative Law Judge's recommendation with respondent, which, after reviewing the findings of fact and petitioner's conduct during the administrative proceeding, adopted the recommendation in a final determination but increased the civil fine to $60,000. Respondent noted that petitioner submitted a letter indicating that it had no intention of appearing at the hearing, demanded that respondent's prosecuting attorney cease and desist with voicemail messages and defaulted at the hearing. In increasing the civil fine, respondent reasoned that "[t]hese facts, and the record as a whole, evince[d] a serious and wanton disregard for the law and warrant[ed] the imposition of a more substantial penalty." Petitioner thereafter [*2]commenced this proceeding under Executive Law § 298 challenging only the $60,000 civil fine [FN1]. Respondent cross-petitioned to enforce the final determination. In a January 2017 order, Supreme Court dismissed petitioner's petition and granted respondent's cross petition, noting that respondent had found that "[p]etitioner's complete disregard for [respondent's] investigation and inquiries throughout the process evinced a serious and wanton disregard for the law and warranted the imposition of a greater penalty." A judgment was entered thereon in May 2017. Petitioner now appeals from the judgment.
As an initial matter, we reject respondent's assertion that the appeal should be dismissed because the May 2017 judgment is not an appealable paper and petitioner did not appeal from the January 2017 order. The May 2017 judgment is a final judgment and petitioner's appeal therefrom brings up for review the January 2017 order (see CPLR 5501 [a] [1]; cf. Rybicki v Beltrone Constr. Co./McManus, Longe, Brockwehl, 199 AD2d 706, 707 [1993]).
Turning to the merits, respondent "has been empowered to take appropriate action to fulfill the extremely strong statutory policy of eliminating discrimination" (Matter of Gifford v McCarthy, 137 AD3d 30, 43 [2016] [internal quotation marks and citation omitted]; see Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 35 NY2d 143, 145-146 [1974]). Regarding civil fines, after determining that a party has engaged in unlawful discriminatory conduct, respondent is authorized to assess a civil fine not to exceed $50,000 (see Executive Law § 297 [4] [c] [vi]). Respondent, however, may go above this $50,000 threshold and assess a civil fine not to exceed $100,000 if it determines that the offending party "committed an unlawful discriminatory act which is found to be willful, wanton or malicious" (Executive Law § 297 [4] [c] [vi]; see Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 967 [2016]). "Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]).
Petitioner does not contest respondent's finding of discrimination nor does it dispute that it did not attend the administrative hearing. Rather, petitioner contends that respondent erred by considering petitioner's conduct during the underlying proceedings, as opposed to focusing only whether the discrimination was willful, wanton or malicious, when increasing the civil fine to $60,000. We agree. The record discloses that respondent considered petitioner's discriminatory act, as well as petitioner's conduct during the administrative proceedings, when assessing the $60,000 civil fine. As discussed, however, Executive Law § 297 (4) (c) (iv) makes clear that a civil fine exceeding $50,000 can be assessed when respondent determines that the offending party "committed an unlawful discriminatory act which [was] found to be willful, wanton or malicious" (emphasis added). The statute thus focuses solely on the nature of the discriminatory act as the basis for imposing a civil fine above $50,000. Accordingly, respondent abused its discretion by factoring petitioner's behavior during the administrative proceedings — i.e., information not authorized by Executive Law § 297 (4) (c) (iv) — as part of the calculus to increase the civil fine. Because it cannot be determined to what extent the $60,000 civil fine was premised upon petitioner's conduct during the administrative proceedings, as opposed to the unlawful discriminatory acts, the matter must be remitted for a redetermination of a civil fine.
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as imposed a $60,000 civil fine; matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Petitioner paid the awards with respect to back pay and compensatory damages.