■ MELINDA MURRAY, Plaintiff, v WILBUR CURTIS COMPANY, INC., Defendant, and BURGER KING CORPORATION, Defendant and Third-Party Plaintiff-Appellant. JOSEPH MICALE et al., Doing Business as M & W MANAGEMENT COMPANY, Third-Party Defendants-Respondents.—Harvey, J. Appeal from an order of the Supreme Court (Duskas, J.), entered April 30, 1992 in St. Lawrence County, which denied defendant and third-party plaintiff's motion for summary judgment against third-party defendants.

Plaintiff, a former employee of third-party defendants (hereinafter M & W) and their Burger King restaurant franchise, brought this action against defendants to recover for personal injuries she allegedly sustained when hot coffee spilled on her during the course of her employment. M & W was a franchisee of defendant Burger King Corporation (hereinafter BKC). According to plaintiff, BKC negligently failed to properly test and inspect an allegedly faulty coffee system that was manufactured by defendant Wilbur Curtis Company, Inc. and was specified for M & W's use by BKC. BKC, relying on an apparent promise made by M & W in their franchise agreement, demanded that M & W defend, indemnify and hold BKC harmless against plaintiff's claims. The franchise agreement stated that M & W was to name BKC as an additional insured on its comprehensive general liability insurance policy. Nevertheless, at one point M & W's insurance agent neglected to include BKC on the policy. M & W refused to defend BKC,

however, because under M & W's interpretation of the agreement it was only obligated to defend and indemnify BKC for vicarious liability and not claims of active negligence. After M & W's refusal, BKC commenced a third-party action against it. BKC's subsequent motion for summary judgment against M & W was denied and this appeal followed.

Resolution of this appeal turns on the interpretation of two clauses in paragraph 12 (A) of the franchise agreement between M & W and BKC relating to indemnification and insurance. Specifically, this paragraph provides in relevant part: "[M & W] agrees to carry at [its] expense during the term of this Agreement Comprehensive General Liability Insurance, including Products Liability and Broad Form Contractual Liability * * *. *Each policy will name BKC and its subsidiaries as an additional insured,* will provide that the policy cannot be cancelled without thirty (30) days prior written notice to BKC, *and shall insure the contractual liability of [M & W] under paragraph 12 C"* (emphasis supplied). Paragraph 12 (C) of the agreement states, in relevant part: "[M & W] is responsible for all losses or damages and contractual liabilities to third persons arising out of or in connection with possession, ownership or operation of the Franchised Restaurant, and for all claims or demands for damages to property or for injury, illness or death of persons directly or indirectly resulting therefrom; *and [M & W] agrees to defend, indemnify and save BKC and its subsidiaries harmless of, from and with respect to any such claims * * * unless resulting from the negligence of BKC or defects in goods manufactured by BKC"* (emphasis supplied).

In construing these provisions, Supreme Court effectively decided for all practical purposes that the agreement did require M & W to obtain a comprehensive general liability insurance policy naming BKC as an insured, but permitted M & W to *limit* the coverage that would normally be provided to a named insured so that BKC would only be insured for M & W's contractual liability to indemnify BKC for any vicarious liability that BKC incurred because of M & W's actions. In contrast, BKC asserts that the clause setting forth M & W's obligation to obtain insurance naming BKC as a named insured is separate from, and in addition to, the other clause in the sentence concerning indemnification. In our view, BKC's arguments have merit and we accordingly reverse.

While M & W is correct in its assertion that contractual provisions containing promises to indemnify a party for its

own negligence are not favored in the law *(see, Roblee v Corning Community Coll.,* 134 AD2d 803, 804, *lv denied* 72 NY2d 803), such a situation has not been presented here based on the clear unambiguous provisions of the franchise agreement that provide for separate independent promises to insure and indemnify. It is well settled that "[a] contract to procure or provide insurance coverage is clearly distinct from and treated differently than an agreement to indemnify" *(supra,* at 804; *see, Kinney v Lisk Co.,* 76 NY2d 215, 218). We find no support for Supreme Court's conclusion that the insurance coverage intended was limited only to BKC's liability for the negligent acts of M & W. Obviously, if this had been the case, BKC would have been adequately protected by the provision requiring M & W to obtain its own insurance coverage *(see, Roblee v Corning Community Coll., supra,* at 805). Instead, the contract required BKC to be included as an additional named insured, indicating an intention that BKC's coverage be extended to all liability arising out of the activities contemplated by the agreement, including liability based upon BKC's own alleged negligence *(see, supra,* at 804-805).

Consequently, because M & W unequivocally agreed to procure protective liability insurance for BKC yet never did so, M & W is therefore liable for any resulting damages *(see, Kinney v Lisk Co., supra,* at 219; *Edwards v International Bus. Machs. Corp.,* 174 AD2d 863, 864).

Mikoll, J. P., Yesawich Jr., Levine and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and summary judgment awarded to defendant Burger King Corporation on its third-party complaint.