■ PATRICIA E. NUZZO et al., Respondents, v GRIFFIN TECHNOLOGY INCORPORATED, Defendant and Third-Party Plaintiff-Respondent. SYRACUSE UNIVERSITY, Third-Party Defendant-Appellant. [624 NYS2d 703] —Order unanimously affirmed with

costs. Memorandum: We affirm for reasons stated in the decision at Supreme Court (Stone, J.) the denial of the motion of third-party defendant, Syracuse University (University), to dismiss the third-party complaint pursuant to CPLR 3211 (a) (1). In addition, we reject the contention of the University that its contract with third-party plaintiff, Griffin Technology Incorporated (Griffin), by requiring Griffin to maintain specific policies of insurance and to name the University as an additional insured on those policies, required Griffin to cover the University for all liability arising under the contract, including the liability of the University for its own negligence. This is not an instance where the contract expressly requires one party to maintain insurance for all claims for injuries arising out of the contract, including those acts attributable to the party to be named as an additional insured (see, e.g., Murray v Curtis Co., 189 AD2d 980; Schumacher v Lutheran Community Servs., 177 AD2d 568). The contract between Griffin and the University states the separate duties and obligations owed by each party and requires Griffin to maintain insurance coverage naming the University as an additional insured. The contract, however, does not specify the scope of that coverage, i.e., it does not require Griffin to maintain insurance coverage for all claims arising out of the contract. Thus, because the contract does not establish conclusively that the duty to insure exceeded the scope of the duty to indemnify, that documentary evidence does not definitively dispose of the issues of liability presented by the third-party complaint. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Dismiss Third-Party Complaint.) Present—Pine, J. P., Fallon, Wesley, Callahan and Davis, JJ.