■ Jose A. Ceron, Respondent, v Rector, Church Wardens & Vestry Members of Trinity Church et al., Defendants, Henry Restoration Limited, Appellant, and York Scaffolding Equipment Corp., Defendant and Third-Party Plaintiff-Appellant. JDK Group, Inc., Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [638 NYS2d 476] —In an action to recover damages for personal injuries, the defendant third-party plaintiff York Scaffolding Equipment Corp. and the defendant Henry Restoration Limited separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated June 16, 1994, as granted that branch of the cross motion of the third-party defendant JDK Group, Inc., which was for summary judgment against them based upon their failure to obtain insurance naming JDK Group, Inc., as an additional insured, and York Scaffolding Equipment Corp. further appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the motion of York Scaffolding Equipment Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is granted, the action against the remaining defendants is severed, that branch of JDK Group, Inc.'s cross motion which was for summary judgment against York Scaffolding Equipment Corp. and Henry Restoration Limited is denied, and, upon searching the record, summary judgment dismissing JDK Group, Inc.'s counterclaim against York Scaffolding Equipment Corp. is granted; and it is further,

Ordered that the appellants, appearing separately and filing separate briefs, are awarded one bill of costs payable by the plaintiff-respondent and the third-party defendant-respondent.

We agree with York Scaffolding Equipment Corp. (hereinafter York), that the plaintiff's complaint must be dismissed insofar as it is asserted against it because York submitted uncontroverted proof that it was not involved in the plaintiff's accident. Furthermore, we agree with York and with Henry Restoration Limited (hereinafter Henry) that the Supreme Court should have denied that branch of JDK Group, Inc.'s (hereainfter JDK) cross motion which was for summary judgment against York and Henry based upon their failure to obtain liability insurance naming JDK as an additional

insured, as allegedly required by the respective contracts. A contractual provision which requires that a party be named as an additional insured in a liability policy has been interpreted to mean that the additional insured is insured for all liability arising out of the activities covered by the agreement *(see, Murray v Curtis Co.,* 189 AD2d 980; *Clapper v County of Albany,* 188 AD2d 774; *Roblee v Corning Community Coll.,* 134 AD2d 803). In this case, there is a question of fact as to whether JDK's liability arises out of activities under the agreement with Henry. Because York has established that the accident did not arise out of activities under its contract with JDK, upon searching the record *(see, Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106), York is granted summary judgment dismissing this counterclaim. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.