[643 NYS2d 802]

PATRICIA E. NUZZO et al., Plaintiffs, v GRIFFIN TECHNOLOGY INCORPORATED, Defendant and Third-Party Plaintiff-Appellant. SYRACUSE UNIVERSITY, Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent; FEDERAL INSURANCE COMPANY, a Part of CHUBB INSURANCE GROUP, Fourth-Party Defendant-Appellant.

Fourth Department, May 31, 1996

### APPEARANCES OF COUNSEL

*Quirk & Bakalor, P. C.,* New York City *(Richard Bakalor* and *Dominic S. Curcio* of counsel), for fourth-party defendant-appellant.

*Johnson Atkinson Getnick & Livingston,* Utica *(Janet M. Richmond* and *Louis P. Gigliotti* of counsel), for defendant third-party plaintiff-appellant.

*Hancock & Estabrook,* Syracuse, for plaintiffs.

*Bond, Schoeneck & King, L. L. P.,* Syracuse *(H. J. Hubert* and *John D. Allen* of counsel), for third-party defendant-respondent and fourth-party plaintiff-respondent.

## OPINION OF THE COURT

WESLEY, J.

In this case, and in the companion case of *Patzer v Griffin Technology* (222 AD2d 190 [decided herewith]), we are called upon to decide whether an insurance company may retroactively name a party as an additional insured to a comprehensive liability policy and then disclaim coverage based upon a policy exclusion four months after that party sought coverage.

### I

Karen L. Patzer and Patricia E. Nuzzo (plaintiffs) were employed by Syracuse University (SU) as cashiers in the Schine Student Center. Each plaintiff operated a Vali- Dine computerized cash register manufactured by defendant Griffin Technology Incorporated (Griffin) and leased to SU. Following instructions issued by Griffin, each attempted to "reboot" the machine by unplugging it and then plugging it back into an electrical outlet. Each received an electrical shock as a result. Patzer was injured on May 7, 1990; Nuzzo was injured on March 27, 1991. Plaintiffs, along with their husbands, have commenced separate actions against Griffin.

SU leased the Vali-Dine registers from Griffin pursuant to an agreement that was executed by them in November 1982. The agreement required Griffin to maintain comprehensive liability and workers' compensation insurance coverage naming SU as an additional insured, and to defend, indemnify and hold SU harmless from all claims "arising out of the personal injury or death of any individual caused by any of the equipment supplied under this Agreement".

In each action, Griffin has impleaded SU for contribution and indemnification. Griffin alleges that the shock was caused by SU's negligent placement of the cash register on or in a metal housing unit or by a defect in the SU electrical system. In November 1993 SU demanded defense and indemnification from Griffin's insurer, Federal Insurance Company (Federal). When Federal delayed in responding, and Griffin's attorney declined to extend the time to answer the third-party complaints, SU moved pursuant to CPLR 3211 (a) (1) to dismiss the third-party complaints based upon the November 1982 agreement between SU and Griffin.

Supreme Court denied SU's motions, and we affirmed (*Nuzzo v Griffin Technology*, 212 AD2d 980; *Patzer v Griffin Technology*, 212 AD2d 982). We held that the agreement did not require

Griffin to indemnify SU against SU's own negligence, and that the contract did not conclusively establish that the duty to insure exceeded the scope of the duty to indemnify (*Nuzzo v Griffin Technology, supra*, at 981).

On February 24, 1994, Federal sent SU a copy of Griffin's insurance policy, which indicated that SU had not been named as an additional insured. Nevertheless, on February 28, 1994, Federal made what it has termed a "business decision" to add SU as an additional insured retroactive to August 1, 1989, the commencement of the policy year covering the Patzer accident. On March 3, 1994, Federal disclaimed coverage under the employer's liability exclusion of the insurance policy because Patzer and Nuzzo were employees of SU.

In June 1994 SU commenced fourth-party actions against Federal for defense and indemnification as an additional insured. Federal moved for summary judgment dismissing the fourth-party actions based upon the employer's liability exclusion. SU cross-moved for summary judgment against Federal, arguing, *inter alia*, that: (1) the employer's liability exclusion does not apply because of an exception in the policy for liability assumed by the insured under an insured contract; (2) Federal's disclaimer was untimely because it came four months after SU had sought coverage; and (3) Insurance Law § 3426 precludes Federal from making a change in the policy without notice to SU.

SU also moved for summary judgment against Griffin in Griffin's third-party actions. SU argued that Griffin had breached its contractual duty to procure insurance for SU. In opposing the motion, Griffin argued that SU was, by then, an additional insured, and also that the agreement between Griffin and SU does not require Griffin to provide coverage for SU's own negligence.

Supreme Court denied Federal's motions for summary judgment and granted SU's cross motions for summary judgment against Federal. The court dismissed Griffin's third-party complaints against SU for contribution and indemnification on the ground that the relief sought violated the antisubrogation rule. The court denied as moot SU's motions for summary judgment on SU's counterclaims against Griffin for breach of contract. These appeals ensued.

## II

The first issue we must address is whether the employer's liability exclusion in the insurance policy issued by Federal to

Griffin applies. The policy states that the exclusion applies to bodily injury to "an employee of the insured arising out of and in the course of employment by the insured". The exclusion applies whether the insured is liable as an employer or in any other capacity. SU argues that the exclusion does not apply here because of an exception in the policy for "liability assumed by the insured under a contract or agreement."

The exception applies to liability "assumed by the insured". SU, as the insured, did not assume liability to its employees under the 1982 agreement with Griffin; to the contrary, it was Griffin that assumed liability to defend and indemnify SU under the agreement (cf., Hailey v New York State Elec. & Gas Corp., 214 AD2d 986). Thus, the employer's liability exclusion in the policy would apply if Federal's disclaimer based upon that exclusion were timely.

## III

We conclude, however, that the employer's liability exclusion does not apply because Federal failed to make a timely disclaimer of coverage under that exclusion. SU demanded coverage in late November 1993. Federal did not disclaim coverage until March 1994, four months later. A disclaimer without explanation made more than two months after a demand for coverage is untimely as a matter of law (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029, rearg denied 47 NY2d 951; Utica Fire Ins. Co. v Spagnolo, 221 AD2d 921; Gill v Gouchie, 210 AD2d 954, lv denied 86 NY2d 701).

Federal argues that it had no duty to disclaim to a party that was not insured (see, Zappone v Home Ins. Co., 55 NY2d 131), that SU was not an insured until Federal made its "business decision" to name SU as an additional insured on February 28, 1994, and that the disclaimer promptly followed on March 3, 1994. Federal argues that the court erred in relying on the fact that Federal's "business decision" to name SU as an additional insured was retroactive to August 1, 1989. We disagree.

By Federal's own choice, SU was an additional insured when it demanded coverage in November 1993. At that time, SU had the right to expect that any disclaimer from Federal would be made promptly. Federal apparently realized that Griffin had contracted with SU to name SU as an additional insured on its comprehensive liability policy. The "business decision" of Federal to honor its obligation to Griffin to provide that cover-

age cannot serve as an excuse to avoid the need for a timely disclaimer of coverage. To hold otherwise would place Federal in a better position because of the breach of its obligation to Griffin than if it had met that obligation by initially naming SU as an additional insured. Quite simply, Federal cannot have it both ways.

Federal also argues that the disclaimer was not untimely because the delay was explained by the need to determine whether SU should be covered as an additional insured. Federal had the burden of establishing the reasonableness of its delay in notifying SU of its disclaimer (*see, Matter of Eagle Ins. Co. [Morel]*, 202 AD2d 1064). Federal failed to submit proof in admissible form setting forth the reasons for the four-month delay in determining that SU should be named as an additional insured. Consequently, the court properly concluded that the delay was unexplained and that Federal's disclaimer was untimely as a matter of law.

## IV

Alternatively, Federal argues that, while it named SU as an additional insured, it did not insure SU for SU's own negligence. Federal argues that SU was insured only for any liability "arising out of [Griffin's] work" for SU, and that plaintiffs' claims are not covered because the potential liability of SU arises out of its own negligence. We reject that argument. The insurance policy defines Griffin's work to include "materials, parts or equipment furnished in connection with [work or operations performed by Griffin]". There is no question that plaintiffs were injured as they attempted to plug in a Vali-Dine cash register supplied and serviced by Griffin, and that plaintiffs were following instructions supplied by Griffin. The language of the additional insured endorsement does not focus upon the precise cause of the accidents, as Federal urges, " 'but upon the general nature of the operation in the course of which the injury was sustained' " (*Lim v Atlas-Gem Erectors Co.*, — AD2d —, —, 1996 NY Slip Op 01715 [1st Dept, Mar. 5, 1996], quoting *Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83).

Because the plain language of the policy covers the risk involved, there is no need to address SU's argument that the limiting language constitutes an exclusion not relied upon by Federal in disclaiming coverage (*see, Planet Ins. Co. v Bright Bay Classic Vehicles*, 75 NY2d 394, 400, *rearg denied* 76 NY2d 773; *cf., Lim v Atlas-Gem Erectors Co., supra*). Nor do we ad-

dress SU's argument that Federal is precluded by Insurance Law § 3426 from changing the terms of the policy without notice to SU (cf., *Petr-All Petroleum Corp. v Fireman's Ins. Co.*, 188 AD2d 139, 144-145).

## V

■ Because SU is covered under Griffin's comprehensive liability policy, Federal, as Griffin's insurer, has no right of subrogation against SU for claims arising from the very risk for which SU was covered (*see, North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294). Nevertheless, Griffin argues that it should not be bound by Federal's untimely disclaimer, because it (Griffin) would otherwise have had the benefit of the employer's liability exclusion, and the antisubrogation rule would not apply. That argument, however, overlooks one of the policy considerations underlying the antisubrogation rule, i.e., avoiding the potential for conflict of interest when the parties' insurer is subrogated against an insured (*see, North Star Reins. Corp. v Continental Ins. Co.*, *supra*, at 294-295). Because of Federal's untimely disclaimer, both Griffin and SU are now insured by the same insurer for the same risk despite their differing interests. Consequently, the antisubrogation rule requires dismissal of Griffin's third-party actions against SU.

## VI

Because SU is covered under the insurance policy, the court properly dismissed as moot SU's counterclaims against Griffin for breach of its contract to provide insurance (*see, Consolidated Edison Co. v Hartford Ins. Co.*, *supra*, at 85).

## VII

Accordingly, the orders of Supreme Court should be affirmed.

DENMAN, P. J., PINE, FALLON and BALIO, JJ., concur.

Order unanimously affirmed, with costs.

KAREN L. PATZER et al., Plaintiffs, v GRIFFIN TECHNOLOGY INCORPORATED, Defendant and Third-Party Plaintiff-Appellant. SYRACUSE UNIVERSITY, Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent; FEDERAL INSURANCE COMPANY, a Part of CHUBB INSURANCE GROUP, Fourth-Party Defendant-Appellant. [643 NYS2d 441] —Order unanimously af-

firmed with costs. Same opinion by Wesley, J., as in *Nuzzo v Griffin Technology* (222 AD2d 184 [decided herewith]). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.— Summary Judgment.) Present—DENMAN, P. J., PINE, FALLON, WESLEY and BALIO, JJ.