■ TISHMAN INTERIORS CORPORATION OF NEW YORK et al., Appellants, v FIREMAN'S FUND INSURANCE COMPANY et al., Defendants, and ROYAL INSURANCE COMPANY, Respondent. [653 NYS2d 367] —In an action for a judgment declaring, *inter alia*, that the defendant Royal Insurance Company must defend and indemnify the plaintiff Tishman Interiors Corporation of New York in a personal injury action entitled *LoVerde v CPB, Inc.*, et al., pending in the Supreme Court, Suffolk County (Index No. 22262/91), the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated September 11, 1995, as denied their motion for partial summary judgment against the defendant Royal Insurance Company, and (2) from an order of the same court, dated April 4, 1996, which denied their motion for leave to reargue and renew.

Ordered that the order dated September 11, 1995, is reversed insofar as appealed from, on the law, the plaintiffs' motion for partial summary judgment against the defendant Royal Insurance Company is granted in accordance herewith; and it is further,

Ordered that the appeal from the order dated April 4, 1996, is dismissed as academic in light of our determination of the appeal from the order dated September 11, 1995; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff Tishman Interiors Corporation of New York (hereinafter Tishman), manager of a construction project in Manhattan, contracted with the defendant Industrial Temperature Systems, Inc. (hereinafter Industrial), for the heating, ventilating, and air conditioning (HVAC) and sheetmetal work. Industrial, in turn, hired FRP Sheetmetal Contracting Corp. (hereinafter FRP), to perform the sheetmetal work. The defendant Conte Builders, Inc. (hereinafter Conte), was the masonry subcontractor. Tishman had purchased general liability insurance from the plaintiff Travelers Insurance Companies (hereinafter Travelers). Tishman's contracts with Industrial and Conte required those subcontractors to purchase liability insurance naming Tishman as an additional insured.

The plaintiff in the underlying personal injury action, Lawrence LoVerde, an employee of FRP, was injured at the construction site when he was struck by a falling brick. Traveler's requested that Royal Insurance Company, Industrial's insurer, and Fireman's Fund Insurance Company, Conte's insurer, acknowledge their duty to defend and indemnify Tishman in LoVerde's personal injury action, but they refused. The plaintiffs commenced this action for a declaration *inter alia*, that Royal and Fireman's Fund were obligated to defend and indemnify Tishman as the primary carriers. The plaintiffs then moved for summary judgment against Royal.

The Supreme Court erred in denying the plaintiffs' motion because of an issue of fact as to whether LoVerde's injury arose out of the work of Conte, Industrial, or some other party. The policy obtained by Industrial from Royal provided coverage to Tishman for liability "arising out of" Industrial's work for Tishman at this job site. The contract required the policy to cover personal injury claims "however such injuries may be caused, whether * * * directly or indirectly by the negligence of the Contractor or any Subcontractor". Since LoVerde was injured while performing sheetmetal work which Industrial was contractually obligated to perform for Tishman, it must be concluded that LoVerde's injury arose from Industrial's work for Tishman so as to trigger the coverage provided in the Royal policy (*see, Aetna Cas. & Sur. Co. v Ocean Acc. & Guar. Corp.*, 386 F2d 413; *O'Connor v Serge El. Co.*, 58 NY2d 655). Fault is immaterial to this determination (*see, Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83; *Clapper v County of Albany*, 188 AD2d 774). The duty to defend is broader than the underlying potential insurance contract liability (*see, Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61; *Ruder & Finn v*

*Seaboard Sur. Co.*, 52 NY2d 663) and is triggered where, as here, "facts alleged in the complaint fall within the scope of coverage intended by the parties at the time the contract was made" (*New Hampshire Ins. Co. v Jefferson Ins. Co.*, 213 AD2d 325, 326-327).

Further, the Travelers policy expressly provided that its insurance was "primary with respect to any other liability insurance available to the insured if such other insurance was purchased by and issued to the named insured specifically to apply in excess hereof". Royal failed to produce proof that its policy was intended to provide only excess coverage. Consequently, the Royal coverage was primary and the Travelers coverage was excess. Since there has been a liability verdict and damages settlement in the underlying action, Royal must indemnify Tishman. If so advised, Royal may pursue its cross claim against Fireman's Fund.

In light of our determination granting the plaintiffs' motion to the extent indicated, we dismiss as academic the plaintiffs' appeal from the denial of their motion for leave to renew and reargue. The appeal from that portion of the order which denied reargument is dismissed for the additional reason that no appeal lies from an order denying reargument. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.