■ N. KRUGER, INC., et al., Respondents, v CNA INSURANCE COMPANY, Defendant, and VALLEY FORGE INSURANCE COMPANY, Appellant. [662 NYS2d 529] —In an action, *inter alia,* for a judgment declaring that the defendant, Valley Forge Insurance Company, is obligated to indemnify the plaintiff, N. Kruger, Inc., for all sums expended (1) to defend an action instituted against it in an underlying action encaptioned *Markes v New York City Transit Authority,* pending in the Supreme Court, Queens County, under Index No. 023861/92, and (2) to satisfy any judgment recovered by the plaintiff in that action, the defendant Valley Forge Insurance Company appeals, as limited by it brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated March 6, 1996, as granted the plaintiffs' motion for summary judgment and denied that branch of its cross motion which was for summary judgment on the issue of coverage.

Ordered that the order is modified, on the law, with costs, by (1) deleting the provision thereof which granted the plaintiffs'

motion for summary judgment and substituting therefore a provision denying that motion, and (2) adding a provision thereto granting the plaintiffs and the defendant, Valley Forge Insurance Company, leave to renew their respective motion and cross motion upon the entry of judgment in the underlying action.

The language of the additional insured endorsement of the subject insurance policy is unambiguous. It provides that the plaintiff, N. Kruger, Inc. (hereinafter Kruger), the general contractor, is covered only for its vicarious liability for the work of the subcontractor, DME Contracting, Inc., performed for or on its behalf.

This is distinct from coverage for liability "arising out of" the work of the subcontractor for or on behalf of Kruger. Under the latter, broader construction, there would be coverage for the additional insured even in the absence of a negligent act or omission of the subcontractor, so long as the claim against Kruger, stemmed from the fact that the subcontractor was performing its contracted-for services for the plaintiff. This would encompass a situation in which, for example, an employee of the subcontractor, in the course of employment and doing work for the plaintiff, Kruger, was injured as a result of Kruger's own negligence, or by another subcontractor at the scene (*see, Tishman Interiors Corp. v Fireman's Fund Ins. Co.,* 236 AD2d 385).

We conclude, however, that it is premature to grant summary judgment to either the plaintiffs or to the defendant Valley Forge Insurance Company. Until the facts are developed in the underlying action it cannot be concluded whether the injuries suffered by the injured employee resulted from the subcontractor's work, or solely from the acts or omissions of Kruger (*cf., Tishman Constr. Corp. v CNA Ins. Co.,* 236 AD2d 211). Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.