■■■ MARK L. SCHMIDT, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY et al., Respondents. [678 NYS2d 764] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Hurlbutt, J. (Appeal from Order of Supreme Court, Onondaga County, Hurlbutt, J.—Dismiss Pleading.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.

■■■ IRENE A. D'ONOFRIO, Appellant-Respondent, v JAMES T. BOEHLERT, Defendant, and SEARS ROEBUCK & COMPANY, Respondent-Appellant. (Appeal No. 1.) [678 NYS2d 704] —Appeal and cross appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeals from Judgment of Supreme Court, Oneida County, Elliott, J.—Negligence.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.

■■■ KEITH J. DAVIS et al., Respondents, v H.J. HEINZ COMPANY et al., Defendants. H.J. HEINZ COMPANY, Third-Party Plaintiff-Appellant, v ONTARIO FOOD PRODUCTS, INC., Third-Party Defendant-Respondent. [678 NYS2d 763] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly determined that the third-party action is barred by the antisubrogation rule (see also, Lim v Atlas-Gem Erectors Co., 225 AD2d 304, 305-306; Nuzzo v Griffin Technology, 222 AD2d 184, 190, lv dismissed 89 NY2d 981, lv denied 91 NY2d 802). Further, because the antisubrogation rule applies and the third-party complaint does not seek damages in excess of the coverage limits of the comprehensive general liability policy issued by Liberty Mutual Insurance Company, the court properly dismissed that part of the third-party action seeking contractual indemnification (see, Hailey v New York State Elec. & Gas Corp., 214 AD2d 986, 987). (Appeal from Order of Supreme Court, Orleans County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.