■ PETRACCA & SONS, INC., et al., Respondents, v CAPRI CONSTR. CORP. et al., Appellants. [695 NYS2d 403] —In an action, *inter alia,* for a judgment declaring that the defendant General Accident Insurance Co., s/h/a General Accident Ins. Co., is obligated to indemnify the plaintiffs in connection with a personal injury action entitled *Buckley v Petracca & Sons, Inc.,* in the Supreme Court, Queens County, under Index No. 25065/93, and to recover damages for breach of contract and for indemnification from the defendant Capri Construction Corp., s/h/a Capri Constr. Corp., the defendant Capri Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated June 26, 1998, as, upon granting its cross motion for leave to renew a prior motion for summary judgment dismissing the complaint insofar as asserted against it, denied summary judgment to that defendant, and the defendant General Accident Insurance Co. separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the defendants' respective motion and cross motion for summary judgment are granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment, *inter alia,*

declaring that the defendant General Accident Insurance Co. is not obligated, among other things, to indemnify Petracca & Sons, Inc., in the underlying personal injury action.

The language of the additional insured endorsement of the subject insurance policy provides coverage for the plaintiff Petracca & Sons, Inc. (hereinafter Petracca), as long as the claim against it "stemmed from the fact that the subcontractor was performing its contracted-for services for the plaintiff" (*N. Kruger, Inc. v CNA Ins. Co.*, 242 AD2d 566, 567). Based upon the jury verdict in the underlying action, it must be concluded that the injuries suffered by the injured employee did not arise from the subcontractor's work. Summary judgment therefore must be granted to the defendant General Accident Insurance Co., *inter alia*, declaring that it is not obligated to indemnify Petracca in the underlying personal injury action.

The Supreme Court also erred in denying the cross motion by Capri Construction Corp. (hereinafter Capri) for summary judgment dismissing the complaint insofar as asserted against it. Capri was not liable to the plaintiffs for breach of the insurance procurement provisions of the subcontract. Capri fulfilled its contractual obligation to procure liability insurance to protect Petracca from negligence claims arising out of the activities covered by the subcontract (*see, Ceron v Rector, Church Wardens & Vestry Members of Trinity Church*, 224 AD2d 475; *Martinez v Tishman Constr. Corp.*, 227 AD2d 298). Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.