■ LUCY YONDT et al., Plaintiffs, v BOULEVARD MALL Co. et al., Defendants. BOULEVARD MALL Co., Third-Party Plaintiff-Appellant, v MALLARE ENTERPRISES, INC., Doing Business as E & R WILLIAMS, Third-Party Defendant-Respondent. (Appeal No. 1.) [760 NYS2d 914] —Appeal from an order of Supreme Court, Erie County (Joslin, J.), entered December 19, 2001, which, inter alia, granted the cross motion of defendant-third-party defendant seeking summary judgment dismissing the claims of defendant-third-party plaintiff and defendant Forest City Management, Inc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted that part of the cross motion of defendant-third-party defendant, Mallare Enterprises, Inc., doing business as E & R Williams (Mallare), seeking summary judgment dismissing the claims of defendant-third-party plaintiff, Boulevard Mall Co., and defendant Forest City Management, Inc. (collectively, defendants Boulevard Mall), for contractual indemnification and breach of contract. Plaintiffs commenced this action to recover damages for injuries sustained by Lucy Yondt (plaintiff) when she slipped and fell on a patch of black ice in the parking lot of the Boulevard Mall in Amherst. The claims against Mallare are based upon its contract with defendants Boulevard Mall to provide certain snow removal services when requested. Mallare established its entitlement to judgment as a matter of law dismissing the claims for contractual indemnification by establishing that it was not in breach of that contract and that the accident was due solely to a condition for which defendants Boulevard Mall alone were responsible (*cf. Margolin v New York Life Ins. Co.,* 32 NY2d 149, 154 [1973]). The burden thus shifted to defendants Boulevard Mall to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact * * * or * * * demonstrate [an] acceptable excuse for [their] failure to meet the requirement of tender in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). They did not meet that burden, and thus the court properly granted that part of the cross motion seeking summary judgment dismissing the claims for contractual indemnification (*see id.* at 563-564).

The claims for breach of contract are based upon the allegation that Mallare failed to maintain insurance naming defendants Boulevard Mall as additional insureds. Mallare, however, established that plaintiff's injuries did not result from its work, but resulted solely from the acts or omissions of defendants Boulevard Mall (*cf. N. Kruger, Inc. v CNA Ins. Co.,* 242 AD2d 566, 567 [1997]). Because Mallare established that the accident did not arise out of activities under its contract and defendants Boulevard Mall did not raise a triable issue of fact in that regard, the court properly granted that part of the cross motion seeking summary judgment dismissing the claims for breach of contract (*see Ceron v Rector, Church Wardens & Vestry Members of Trinity Church*, 224 AD2d 475, 476 [1996]). Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.