■ ROBERT GOLL et al., Respondents, v AMERICAN BROADCASTING COMPANIES, INC., et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. WALTON HAULING & WAREHOUSE CORP., Third-Party Defendant-Appellant. [783 NYS2d 599]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs American Broadcasting Companies, Inc., ABC Television, Inc., and Capital Cities/ABC, Inc., appeal from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 6, 2003, as granted that branch of the plaintiffs' cross motion which was to strike their answer based upon spoliation of evidence to the extent of precluding them from producing any evidence at trial concerning the condition of the subject crate, and the third-party defendant Walton Hauling & Warehouse Corp. separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof granting that branch of the plaintiffs' cross motion which was to strike the defendants' answer based upon spoliation of evidence to the extent of precluding them from producing any evidence at trial concerning the condition of the subject crate and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs and the third-party defendant appearing separately and filing separate briefs.

It was error to impose a sanction on the defendants third-party plaintiffs American Broadcasting Companies, Inc., ABC Television, Inc., and Capital Cities/ABC, Inc. (hereinafter collectively the ABC Companies), based upon their alleged spoliation of evidence. The plaintiffs failed to demonstrate that the ABC Companies intentionally attempted to hide or destroy evidence (see Popfinger v Terminix Intl. Co. Ltd. Partnership, 251 AD2d 564 [1998]), or that they "negligently disposed of any key physical evidence after being placed on notice that it might be needed for future litigation" (Andretta v Lenahan, 303 AD2d 527, 528 [2003]).

The Supreme Court properly denied that branch of the motion of the third-party defendant Walton Hauling & Warehouse Corp. (hereinafter Walton), which was for summary judgment dismissing the ABC Companies's third cause of action against it for contractual indemnification since the motion was made more than 120 days after the note of issue was filed on June 7, 2002,

and Walton failed to show good cause for the delay (*see Brill v City of New York,* 2 NY3d 648 [2004]). In any event, that branch of the motion was also properly denied on the merits. The contract at issue provided that Walton was to indemnify the ABC Companies "from and against any liability, loss or damage caused by, or arising out of, any acts done by [Walton] or [its] employees in connection therewith." Under the circumstances of this case, the indemnification language was broad enough to obligate Walton to indemnify the ABC Companies for its own acts of negligence (*see Brown v Two Exch. Plaza Partners,* 76 NY2d 172, 178 [1990]; *Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774 [1987]; *N. Kruger, Inc. v CNA Ins. Co.,* 242 AD2d 566 [1997]; *cf. Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 793-794 [1997]). Furthermore, contrary to Walton's contention, the contract was not subject to the unenforceability provision under General Obligations Law § 5-322.1 applicable to agreements exempting owners and contractors for liability for their own negligence since it did not relate to the "construction, alteration, repair or maintenance of a building" (General Obligations Law § 5-322.1 [1]). Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.