■ ROBERT GOLL et al., Plaintiffs, v AMERICAN BROADCASTING COMPANIES, INC., et al., Defendants/Third-Party Plaintiffs-Appellants-Respondents. WALTON HAULING & WAREHOUSE CORP., Third-Party Defendant-Respondent-Appellant. [902 NYS2d 568]—

In an action to recover damages for personal injuries, etc., the defendants/third-party plaintiffs American Broadcasting Companies, Inc., ABC Television, Inc., and ABC, Inc., formerly known as Capital Cities/ABC, Inc., appeal from so much of an order of the Supreme Court, Queens County (Schulman, J.), entered January 2, 2008, as denied that branch of their motion which was for summary judgment on so much of their third-party cause of action for contractual indemnification as sought to recover their legal costs in defending the main action and, in effect, granted that branch of cross motion of the third-party defendant Walton Hauling & Warehouse Corp. which was for summary judgment dismissing that portion of the third-party cause of action for contractual indemnification, and the third-party defendant Walton Hauling & Warehouse Corp. cross-appeals from so much of the same order as granted that branch of the motion of the defendants/third-party plaintiffs American Broadcasting Companies, Inc., ABC Television, Inc., and ABC, Inc., formerly known as Capital Cities/ABC, Inc., which was for summary judgment on so much of their third-party cause of action for contractual indemnification as sought to recover damages that those parties incurred as a conseuquence of the main action, and denied, as academic, that branch of its cross motion which was for summary judgment dismissing that portion of the third-party cause of action for contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the cross motion of the third-party defendant Walton Hauling & Warehouse Corp. which was for summary judgment dismissing so much of the third-party cause of action for contractual indemnification as sought to recover legal costs of defending the main action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs and disbursements.

The plaintiff, an employee of the third-party defendant Walton Hauling & Warehouse Corp. (hereinafter Walton), allegedly was injured while unloading a crate from a truck operated by another Walton employee. The plaintiff commenced the instant action (hereinafter the main action) against American Broadcasting Companies, Inc., WABC Television, Inc., sued herein as ABC Television, Inc., and ABC, Inc., formerly known as Capital Cities/ABC, Inc. (hereinafter collectively ABC). Thereafter, ABC commenced a third-party action against Walton, alleging, inter

alia, a cause of action for contractual indemnification, seeking to recover from Walton, both the damages it is obligated to pay to the plaintiff as a consequence of the main action, and the legal costs of defending the main action.

ABC moved for summary judgment on its third-party cause of action for contractual indemnification. Thereafter, Walton cross-moved for summary judgment dismissing the third-party cause of action for contractual indemnification. The Supreme Court granted that branch of ABC's motion which was for summary judgment on so much of that third-party cause of action as sought to recover damages it incurred as a consequence of the main action, and consequently denied, as academic, that branch of Walton's cross motion which was for summary judgment dismissing that claim. The Supreme Court, however, denied that branch of ABC's motion which was for summary judgment on so much of that third-party cause of action as sought to recover the legal costs it incurred in defending the main action and, in effect, granted that branch of Walton's cross motion which was for summary judgment dismissing that portion of the third-party cause of action for contractual indemnification. We modify.

The indemnification clause in a contract entered into between Walton and ABC on December 18, 1992 (hereinafter the contract), stated, in pertinent part, "[Walton] agree[s] to defend all actions to which such indemnity applies and to conduct the defense thereof, at our own expense by our own counsel. [ABC] shall have the right to participate in such defense at your own cost by your own counsel." In support of its motion, ABC submitted two letters dated September 25, 1998, and October 14, 1998, respectively, both of which requested that Walton's insurance carrier, Country-Wide Insurance Company, honor its obligation to defend ABC in the main action. In correspondence with Walton dated October 19, 1998, Country-Wide disclaimed coverage, claiming that it had never received the first of ABC's letters, and had not received "timely notice" of the main action. Walton claimed that, prior to being served with ABC's third-party complaint on March 1, 1999, it had not received any notice from ABC about the main action or any claim for indemnification.

ABC contends that it assumed its own defense in the main action as a result of Walton's refusal to honor the indemnification clause contained in the contract. Walton argues that ABC did not tender its defense to Walton but, rather, voluntarily interposed an answer to the complaint in the main action, and thereby elected to assume its own defense of the main action without prior notice to Walton.

ABC met its initial burden of demonstrating, prima facie, its entitlement to judgment as a matter of law in connection with that branch of its motion which for summary judgment on so much of its third-party cause of action for contractual indemnification as sought to recover legal costs it incurred in defending the main action (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The burden then shifted to Walton to produce evidence sufficient to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Walton raised a triable issue of fact as to whether ABC voluntarily retained its own counsel to defend the main action and, thus, whether ABC breached the contract and forfeited its right to indemnification of legal costs by interfering with Walton's "right to participate" in the defense of the main action, as set forth in the indemnification clause of the contract. Since there is a triable issue of fact regarding whether ABC voluntarily assumed its own defense, the issue of ABC's right to indemnification for its legal costs cannot be determined as a matter of law, and the Supreme Court should have denied that branch of Walton's cross motion which was for summary judgment dismissing ABC's claim for defense costs.

The Supreme Court properly determined that Walton was obligated to indemnify ABC for any damages awarded to the plaintiff and against ABC in the main action (*see Goll v American Broadcasting Cos., Inc.*, 10 AD3d 672 [2004]).

The parties' remaining contentions are without merit. Mastro, J.P., Miller, Austin and Roman, JJ., concur.