■ WILSON CENTRAL SCHOOL DISTRICT et al., Respondents, v UTICA MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. [999 NYS2d 440]—

In an action, inter alia, for a judgment declaring that the defendant Utica Mutual Insurance Company is obligated to defend and indemnify the plaintiff Wilson Central School District in three underlying personal injury actions entitled *"John Doe 1"* *v Wilson Cent. Sch. Dist.*, *Lynch v Wilson Cent. Sch. Dist.*, and *"John Doe 2" v Wilson Cent. Sch. Dist.*, all pending in the Supreme Court, Niagara County, under index Nos. 136286/09, 137785/09, and 137787/09, respectively, the defendant Utica Mutual Insurance Company appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered February 7, 2013, which denied its motion for summary judgment, and granted the plaintiffs' cross motion for summary judgment declaring that the defendant Utica Mutual Insurance Company is obligated to defend and indemnify the plaintiff Wilson Central School District in the underlying actions and reimburse the plaintiff New York Schools Insurance Reciprocal for all legal fees incurred to date in connection with the defense of those actions.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Utica Mutual Insurance Company for summary judgment declaring that it is not obligated to defend or indemnify the plaintiff Wilson Central School District in the underlying actions is granted, the plaintiffs' cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Utica Mutual Insurance Company is not so obligated.

"An insurer must defend its insured whenever the allegations of a complaint in an underlying action 'suggest . . . a reasonable possibility of coverage' " (*Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d 655, 656 [2008], quoting *BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007] [internal quotation marks omitted]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Soho Plaza Corp. v Birnbaum*, 108 AD3d 518, 521-522 [2013]; *Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]). The duty to defend is not triggered, however, when, "as a matter of law . . . there is no pos-

sible factual or legal basis upon which the insurer might eventually be held to be obligated to indemnify the claimant under any provision of the insurance policy" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d at 900; *see City of New York v Evanston Ins. Co.*, 39 AD3d 153, 157-158 [2007]).

Here, the plaintiff Wilson Central School District (hereinafter the District) alleges that the defendant Utica Mutual Insurance Company (hereinafter Utica) is obligated to defend and indemnify it as an additional insured under a policy issued to Utica's insured, the School Bus Service, Inc. (hereinafter the Bus Service). The language of the additional insured endorsement of the subject insurance policy is unambiguous. It provides that the District is an additional insured, but only "[t]o the extent that such additional insured is held liable for your acts or omissions arising out of and in the course of ongoing operations performed by you or your subcontractors for such additional insured; or . . . [w]ith respect to property owned or used by, or rented or leased to, you."

It is thus clear that the language of the endorsement covers only the District's vicarious liability for the acts of the Bus Service (*see e.g. National Union Fire Ins. Co. of Pittsburgh, PA v Greenwich Ins. Co.*, 103 AD3d 473, 474-475 [2013]; *N. Kruger, Inc. v CNA Ins. Co.*, 242 AD2d 566, 567 [1997]; *Long Is. Light. Co. v Hartford Acc. & Indem. Co.*, 76 Misc 2d 832, 836 [1973]). The underlying complaints seek to hold the District liable only for its own independent acts and omissions. The defendant School Bus Service, Inc., the insured, is not even referred to in the underlying complaints. Hence, the District is not an additional insured under the policy (*see National Union Fire Ins. Co. of Pittsburgh, PA v Greenwich Ins. Co.*, 103 AD3d at 474-475; *N. Kruger, Inc. v CNA Ins. Co.*, 242 AD2d at 567).

Accordingly, Utica's motion for summary judgment declaring that it is not obligated to defend or indemnify the District in the underlying actions should have been granted, and the plaintiffs' cross motion for summary judgment should have been denied.

In light of the foregoing, we need not reach Utica's remaining contention.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Utica is not obligated to defend and indemnify the District in three personal injury actions entitled *"John Doe 1" v Wilson Cent. Sch. Dist., Lynch v Wilson Cent. Sch. Dist.*, and *"John Doe 2" v Wilson Cent. Sch. Dist.*, all pending in the Supreme Court, Niagara County, under

index Nos. 136286/09, 137785/09, and 137787/09, respectively (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Balkin, J.P., Hall, Austin and Barros, JJ., concur.