S. Donadic, Inc. v Utica Mut. Ins. Co. (2024 NY Slip Op 04217)

S. Donadic, Inc. v Utica Mut. Ins. Co.

2024 NY Slip Op 04217

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2022-05211
 (Index No. 602693/21)

[*1]S. Donadic, Inc., appellant, 
v
Utica Mutual Insurance Company, respondent.

Delahunt Law PLLC, Buffalo, NY (Timothy E. Delahunt of counsel), for appellant.
Stonberg, Hickman & Pavloff, LLP, New York, NY (Sherri N. Pavloff of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled Papadakis v 1000 Park Owners Corp., commenced in the Supreme Court, Queens County, under Index No. 705911/13, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered June 22, 2022. The order and judgment denied the plaintiff's motion, inter alia, for summary judgment on the complaint, granted the defendant's cross-motion for summary judgment declaring that the defendant has no obligation to defend, indemnify, or provide additional insured coverage to the plaintiff in connection with the underlying action, and declared that the defendant has no obligation to defend, indemnify, or provide additional insured coverage to the plaintiff in connection with the underlying action.
ORDERED that the order and judgment is affirmed, with costs.
The plaintiff, as general contractor, and Apollo Electric (hereinafter Apollo), as subcontractor, entered into a written contract under which Apollo agreed to perform certain work at a construction project site. Pursuant to the contract, Apollo agreed to obtain additional insured coverage for the plaintiff. The defendant subsequently issued an insurance policy to Apollo. The policy included an additional insured endorsement, which provided, inter alia, that an entity was an additional insured only "[t]o the extent that such additional insured is held liable for your acts or omissions arising out of and in the course of ongoing operations performed by you or your subcontractors for such additional insured."
On October 17, 2013, John Papadakis, an employee of Apollo, allegedly was injured at the project site when he fell while walking on a plank that was set over newly poured concrete. Papadakis commenced an action in the Supreme Court, Queens County, entitled Papadakis v 1000 Park Owners Corp., under Index No. 705911/13 (hereinafter the underlying action), alleging negligence and violations of the Labor Law. The defendant provided a defense for the plaintiff in the underlying action. However, the defendant disclaimed coverage after the court in the underlying action dismissed a third-party cause of action for contractual indemnification asserted by the plaintiff against Apollo upon a determination that there was no evidence that the alleged accident was caused by any negligent act or omission of Apollo. Thereafter, the plaintiff's insurer settled the remaining claims in the underlying action by paying $450,000 on behalf of the plaintiff to Papadakis.
The plaintiff commenced this action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in the underlying action. Subsequently, the plaintiff moved for summary judgment on the complaint and for an award of the amount of the settlement payment made on behalf of the plaintiff and the defense costs incurred on the plaintiff's behalf following the defendant's disclaimer. The defendant cross-moved for summary judgment declaring that it has no obligation to defend, indemnify, or provide additional insured coverage to the plaintiff in connection with the underlying action. The Supreme Court denied the plaintiff's motion, granted the defendant's cross-motion, and declared that the defendant has no obligation to defend, indemnify, or provide additional insured coverage to the plaintiff in connection with the underlying action. The plaintiff appeals.
"An insurance agreement is subject to principles of contract interpretation" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [internal quotation marks omitted]; see Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680). "Therefore, [a]s with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d at 321 [internal quotation marks omitted]; see Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177).
Here, contrary to the plaintiff's contention, the language of the additional insured endorsement covered only the plaintiff's vicarious liability for the acts of Apollo, and since the court in the underlying action determined that Papadakis's alleged accident was not caused by any negligent act or omission of Apollo, the Supreme Court properly denied the plaintiff's motion, among other things, for summary judgment on the complaint, properly granted the defendant's cross-motion for summary judgment declaring that the defendant has no obligation to defend, indemnify, or provide additional insured coverage to the plaintiff in connection with the underlying action, and properly declared that the defendant has no obligation to defend, indemnify, or provide additional insured coverage to the plaintiff in connection with the underlying action (see Wilson Cent. Sch. Dist. v Utica Mut. Ins. Co., 123 AD3d 920, 921).
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court